JOHN J. SPEED v. THE COMMON COUNCIL OF THE CITY OF DETROIT AND CHARLES W. MOORE, CONTROLLER.

[See 97 Mich. 198; 98 Id. 360, 372.]

*Mandamus—Salary of municipal officer—Payment—City funds— Constitutional law—Right of local self-government.*

1. *Mandamus* is the proper remedy to compel the payment by a municipal corporation of an official salary, the amount of which is fixed; citing *McBride v. City of Grand Rapids,* 47 Mich. 236.

2. The fact that the general fund, out of which salaries are usually payable, has been overdrawn, will not prevent the issuance of the writ, where it appears that the amount of uncollected taxes is largely in excess of said overdraft, and that the city council has authorized a loan in anticipation of the collection of said taxes, and that the salary in question has not been anticipated in the annual budget, and is therefore contingent, and, under the charter, payable out of the contingent fund, which is amply sufficient for that purpose.

3. The Legislature has not delegated to the city of Detroit power to fix the salary of the city counselor, whose appointment is provided for by Act No. 419, Local Acts of 1893; and the provision of said act fixing such salary is not unconstitutional; citing *City of Wyandotte v. Drennan,* 46 Mich. 478.

4. Act No. 419, Local Acts of 1893, which provides for a law department for the city of Detroit, and for the appointment by the mayor of a city counselor, is supplemental to the charter of said city, and does not disturb existing officers, but, on the contrary, constructs said department with material then on

hand; and the provision respecting salary relates as well to the city counselor acting before the act took effect as to the city counselor subsequently appointed.

*Certiorari* to Wayne.    (Hosmer, J.)    Argued April 3, 1894.    Decided April 10, 1894.

Relator applied to the circuit court for *mandamus* to compel the payment of his salary as city counselor of Detroit.   Respondents bring *certiorari* to review order granting the writ.   Affirmed.   The facts are stated in the opinion.

*Hoyt Post* and *John D. Conely*, for relator.

*Atkinson & Haigh* (*P. T. Van Zile*, of counsel), for respondents.

PER CURIAM.    This is *certiorari* to review an order of the circuit court directing the payment of relator's salary, under Act No. 419, Local Acts of 1893.    Four questions are raised:

1. Is *mandamus* the proper remedy?   This point is ruled by *McBride v. City of Grand Rapids*, 47 Mich. 236.

2. The answer sets up that the general fund, out of which salaries are usually payable, is overdrawn, in the sum of $6,000.   It appears, however, that the amount of uncollected taxes is $21,000, and that the common council has already authorized a loan.   There is no doubt of the power of the council to borrow money in anticipation of the collection of the taxes levied.   It further appears that the act creating the department went into effect June 1, 1893, after the annual budget had been determined upon, and that the salary fixed by the act was not anticipated in that budget. The expense, therefore, must be regarded as contingent, and, under the charter, payable out of the contingent fund, which is shown to be amply sufficient.

3. It is contended that the Legislature has no authority to fix the salaries of city officers.   The Constitution (sec-

tion 38, art. 4) provides that the Legislature may confer upon cities such powers of a local, legislative, and administrative character as they may deem proper. The Legislature has not, in this instance, delegated to the municipality the power to fix the salary in question. The point is, we think, ruled by *City of Wyandotte v. Drennan*, 46 Mich. 478.

4. When the act took effect, relator was the then city counselor, under a former appointment. He was reappointed July 15, 1893, and for the months of June and July was paid at the rate fixed by the act. Respondents contend that, for this period, relator was entitled only to the salary as fixed under the former appointment. The act is supplemental, and does not disturb existing officers, but, on the contrary, constructs the department with material then on hand; and the provision respecting salary relates as well to the city counselor acting before the act took effect as to the city counselor subsequently appointed.

The order is therefore affirmed, with costs to relator.