BURKE *v.* CITY OF RIVER ROUGE.

1. MANDAMUS — STATEMENTS IN RETURN SPECIFICALLY DENIED RAISE AN ISSUE OF FACT.
   Under 3 Comp. Laws 1915, § 13440, and Circuit Court Rule No. 50, where material facts stated in the return in mandamus proceedings are specifically denied by the plea, the issue of fact is to be tried as in other cases.

2. WAIVER—BURDEN IS UPON ONE ASSERTING WAIVER TO ESTABLISH IT.
   Waiver is an affirmative defense, and the burden is upon him who asserts it to establish it.

3. MANDAMUS — EMINENT DOMAIN—STATUTORY REMEDY NOT EXCLUSIVE.
   Where a city instituted condemnation proceedings under Act No. 149, Pub. Acts 1911 (1 Comp. Laws 1915, § 353 *et seq.*), and the jury made an award which was confirmed by the court and not reviewed, and the city took possession of the land but refused to pay the award, mandamus by the landowners to compel payment is an appropriate remedy; the remedy provided by 3 Comp. Laws 1915, § 12970, not being exclusive.

4. SAME—ALTERNATIVE REMEDY NOT OBJECTIONABLE.
   An objection that landowners may not maintain mandamus to compel a city to pay an award for land condemned and taken possession of by the city, because the prayer of the petition was in the alternative: that the city pay the award now, or levy a tax sufficient to make the payment, is without merit.

Certiorari to Wayne; Houghton (Samuel G.), J., presiding.    Submitted June 14, 1927.    (Calendar No. 33,014.)    Decided July 29, 1927.

Mandamus by Hyacinthe C. Burke and another against the city of River Rouge and others to compel

---

[1]Mandamus, 38 C. J. §§ 640, 674; [2]Waiver, 40 Cyc. p. 269; [3]Eminent Domain, 20 C. J. § 517; Mandamus, 38 C. J. § 397; [4]Mandamus, 38 C. J. § 597.

the payment of an award in condemnation proceedings. From an order granting the writ, defendants bring certiorari.    Affirmed.

*Henry Messimer,* for appellants. .

*Campbell, Bulkley & Ledyard,* for appellees.

FELLOWS, J.    The city of River Rouge, acting under Act No. 149, Pub. Acts 1911 (1 Comp. Laws 1915, § 353 *et seq.*), instituted proceedings to condemn lands, including those owned by plaintiffs.    The jury awarded plaintiffs $4,513 and the verdict was confirmed March 28, 1925.    No review of the proceedings was had.    The city did not pay the award, but took possession of the premises in the following summer.    Considerably over a year after the award was confirmed, and on October 5, 1926, the plaintiffs instituted these proceedings to compel the payment of the award either pursuant to the provisions of the act (§ 368), or, if the city was unable to pay the award, that it be required to levy a tax sufficient so to do.    The answer admitted the proceedings had, sets up that the city did not have sufficient funds to pay the award, and asserted that the award had been waived.    By a sworn plea all claims of waiver were specifically denied.    Upon the trial it appeared that the city was without funds to meet the award and its current expenses, and a mandamus was awarded compelling the raising of sufficient money to pay the same.    The city and its officers prosecute this writ of certiorari.

Upon the trial at the circuit several objections were urged against the right of the plaintiffs to the writ, but the question of waiver was not mentioned.    It is here insisted that the burden was upon the plaintiffs to establish the want of waiver, and, as there is no testimony on the subject, plaintiffs must fail.    It is doubtful if the question is before us.    But we think

defendants' contention is untenable. Under the statute and rule (3 Comp. Laws 1915, § 13440, Circuit Court Rule No. 50) the material facts stated in the return are taken as true unless specifically denied by the plea, and, where specifically denied, the issue of fact is to be tried as in other cases. Here the claim of waiver was specifically denied by a sworn plea. Waiver is an affirmative defense, and the burden is upon him who asserts it to establish it.

It is also urged on behalf of defendants that plaintiffs should have proceeded under section 12970, 3 Comp. Laws 1915, and that this remedy is exclusive. But the concluding sentence of this section is:

"Nothing herein contained shall be construed to exclude other remedies given by law for the enforcement of such judgment."

Section 368, above referred to, laid a plain legal duty upon the municipality and its officers to provide for the payment of the award. Without making such provision, and without paying the award, the city took possession of the premises, an act amounting to confiscation under the Constitution. The rule is too well recognized to require the citation of authorities, that, where plaintiff in mandamus has a clear legal right to the discharge of a plain legal duty by a public official or an official body, mandamus is an appropriate remedy to enforce such right. These plaintiffs had a clear legal right to the payment of the sum fixed by the jury and confirmed by the court for the value of the property taken by the city and then in its possession, and the municipality owed a clear legal duty to make such payment. The plaintiffs have chosen the proper forum.

It is also insisted that plaintiffs may not maintain this proceeding because the prayer of their petition was in the alternative, i. e., that the city pay the award now, or levy a tax sufficient to make the pay-

ment.    This objection is answered by the case of *Balch* v. *City of Detroit*, 109 Mich. 253.    That case was mandamus to compel payment of an award in condemnation proceedings.    In concluding the opinion, it was said:

"The writ will therefore issue requiring the respondents to pay the amount of such award, or, if necessary funds have not been provided, to take the necessary measures to levy, collect, and pay the same."

We find no reason on this record for disturbing the judgment of the circuit court, and it will be affirmed, with costs.

SHARPE, C. J., and BIRD, SNOW, STEERE, WIEST, CLARK, and McDONALD, JJ., concurred.