VAN FLEET *v.* OLTMAN.

1. SCHOOLS AND SCHOOL DISTRICTS—LEGISLATURE HAS CONTROL OVER SCHOOLS SUBJECT TO CONSTITUTIONAL PROVISIONS.

The legislature has entire control over the schools of the State subject only to the provisions of the Constitution relating thereto.

2. SAME—EDUCATION IS NOT LOCAL BUT STATE MATTER.

Education in this State is not a matter of local concern, but belongs to the State at large.

3. SAME—COUNTIES—ALLOWANCE OF EXPENSES FOR TAKING SCHOOL CENSUS—DELEGATING LEGISLATIVE POWER.

> The provision in chapter 3, § 22, Act No. 164, Pub. Acts 1881, as amended by Act No. 301, Pub. Acts 1925, providing that the school census in certain school districts be taken by the county commissioner of schools or some one appointed by him, and that the expense incurred therefor be audited and allowed by the board of supervisors or county board of auditors is not objectionable as a delegation to an administrative officer of the legislative power of the expenditure and collection by taxation of public funds.

4. COUNTIES—KENT COUNTY—POWERS OF FINANCE COMMITTEE IN AUDITING CLAIMS.

> Under Act No. 301, Pub. Acts 1923, providing that the finance committee of the county of Kent shall audit all claims against the county, it is the duty of the committee to pass upon the reasonableness of a claim for expenses incurred in taking the school census as provided for in chapter 3, § 22, Act No. 164, Pub. Acts 1881, as amended by Act No. 301, Pub. Acts 1925, but it may not arbitrarily disallow such claim.

5. APPEAL AND ERROR—MANDAMUS—APPEAL TO CIRCUIT COURT FROM DISALLOWANCE OF CLAIM RATHER THAN MANDAMUS PROPER REMEDY.

> On certiorari to review an order granting a writ of mandamus to compel the finance committee of the county of Kent to allow a claim for services in connection with taking the school census, the question is disposed of on its merits, in view of the public interest involved, but the proper practice is by appeal to the circuit court from the disallowance, as provided in 1 Comp. Laws 1915, § 2299 *et seq.*, in case of disallowance of claims by boards of supervisors and county auditors.

Certiorari to Kent; Dunham (Major L.), J. Submitted July 17, 1928. (Calendar No. 32,997.) Decided October 1, 1928.

Mandamus by Esther Van Fleet to compel William Oltman and others, finance committee of Kent county, to audit and allow a claim for services. From an order granting the writ, defendants bring certiorari. Writ dismissed.

*Earl W. Munshaw,* Prosecuting Attorney, for appellants.

*Homer H. Freeland,* for appellee.

SHARPE, J. The defendants are the members of the finance committee of the county of Kent, provided for in Act No. 301, Pub. Acts 1923. Its duty in respect to claims is thus stated:

It shall "audit all claims which are chargeable against the county, and no warrants shall be drawn for such claim, nor the same be paid until it has been audited by the committee, as herein provided."

This provision is quite similar to that providing for the audit of claims by boards of supervisors and county auditors. 1 Comp. Laws 1915, § 2299 *et seq.*

Act No. 301, Pub. Acts 1925, amended chapter 3, § 22.of Act No. 164, Pub. Acts 1881 (the school law), by providing that the census in certain school districts shall be taken by the county commissioner of schools, "or such other reputable or capable person or persons as he may appoint," and that the "actual and necessary expense" incurred in so doing, "including the expense for clerical help, * * * shall be audited and allowed by the board of supervisors or the county board of auditors." It is conceded that the several schools of the county of Kent, containing about 18,000 school children, are governed by these provisions. Relying thereon, Allen M. Freeland, the county school commissioner, on the 24th day of October, 1926, employed the plaintiff as a clerk to assist him in such work at a fixed compensation of $25 per week. Two weeks thereafter she presented a claim for such service, duly certified as correct by the commissioner, to the defendant committee for audit and allowance. It was disallowed. She then

petitioned the circuit court for a writ of mandamus to compel such allowance. After answer by the committee to the order to show cause, the writ was granted. The defendants here seek review by writ of certiorari.

The policy of this State in reference to the education of its people was considered at some length in *Child Welfare Society* v. *School District*, 220 Mich. 290. The constitutional provisions relating thereto were pointed out. It was there said:

"The legislature has entire control over the schools of the State subject only to the provisions above referred to."

Reference was there had to the constitutional provision (Art. 10, § 1) under which certain revenues of the State are to be devoted exclusively to the support of the schools, and under which each school district receives a very considerable sum for each child in the district as disclosed by the school census taken therein. This section clearly anticipates that such a census shall be taken each year, and it is the duty of the legislature to make reasonable provision therefor.

"Education in this State is not a matter of local concern, but belongs to the State at large." *Collins* v. *City of Detroit*, 195 Mich. 330.

It is no part of the local self-government inherent in the municipalities in which the schools may be situate. *Attorney General* v. *Board of Education*, 154 Mich. 584.

That the legislature had the power to change the method of taking the school census cannot be doubted. That the county school commissioner cannot perform this duty without competent assistance is apparent. It is urged, however, that "the ex-

penditure and collection by taxation of public funds'' is a legislative act, and may not be delegated to an administrative officer. The provision for payment of the expenses incurred by the commissioner contains no such delegation. Upon him rests the duty to determine what assistance he needs in the performance of the duties imposed on him by the statute. The finance committee, acting in the place and stead of the board of supervisors, may pass upon the reasonableness of the charges therefor. An appeal from the determination of the committee may be taken to the circuit court for the county, as provided for in section 2299 *et seq.*, above referred to. No such question is here presented. The right of the commissioner to bind the county by incurring the expense is alone attacked.

While we have thought it well to dispose of this matter on the record before us, in view of the public interest involved, we call attention to this statute and the necessity of complying with its provisions in order to secure review of the action of the committee in its disallowance of claims against the county.

The writ is dismissed, with costs to appellee.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred. POTTER, J., did not sit.