WALKER *v.* COMMON COUNCIL OF CITY OF DETROIT.

1. Statutes—Constitutional Law—Jury Commissioners for Recorder's Court of Detroit.

Provision in Act No. 330, Pub. Acts 1931, for appointment of board of jury commissioners for recorder's court for city of Detroit is not in conflict with article 8, § 6, State Constitution, providing for appointment of board of jury commissioners in each county.

2. Municipal Corporations—Duty of Detroit to Pay Jury Commissioners for Recorder's Court.

Under provisions of "municipal jury code" (Act No. 330, Pub. Acts 1931), relating to appointment of board of jury commissioners for recorder's court of city of Detroit, it is duty of city to pay statutory compensation of said commissioners and other legitimate expenses incident to discharge of their official duties, although said act does not expressly provide how said commissioners shall be paid.

3. Same—Economy of Administration Legislative Question.

Whether it would be in interest of economical administration of government affairs to have only one board of jury commissioners in Wayne county is legislative question rather than judicial one.

4. Mandamus—Right to Relief Sought—Municipal Corporations.

That city of Detroit has no appropriation in its budget for payment of salaries and other expenses of board of jury commissioners for recorder's court (Act No. 330, Pub. Acts 1931) does not militate against commissioners' right to relief in mandamus proceedings to compel such payment, where their petition is sufficiently broad to entitle them to aid of court in directing proper authorities to take necessary steps to obtain funds to discharge said obligations.

Mandamus by William M. Walker and others, members of the board of jury commissioners for the recorder's court of Detroit, against city of Detroit

and another to compel payment of claims for services and supplies under Act No. 330, Pub. Acts 1931. Submitted May 31, 1932.    (Calendar No. 36,535.) Writ granted September 16, 1932.

*Harry S. Toy* and *Oscar A. Kaufman* (*Paul W. Voorhies,* Attorney General, of counsel), for plaintiffs.

*James R. Walsh,* Assistant Corporation Counsel (*Clarence E. Wilcox,* Corporation Counsel, of counsel), for defendants.

NORTH, J.  Plaintiffs in this mandamus proceeding are the members of the board of jury commissioners for the recorder's court for the city of Detroit, appointed under Act No. 330, Pub. Acts 1931. Section 1 provides: "This act shall be known and may be cited as the 'municipal court jury code.' " The commissioners filed claims with the controller of the city of Detroit for compensation due each of them for their respective services, a claim for compensation for services rendered to the commission by a typist, and also claims for certain office supplies, office furniture and typewriters, such supplies and equipment being necessary to the proper discharge of the duties of the commissioners and the. maintenance of their office.  Payment of these claims was refused by the Detroit common council.  Claiming that refusal of payment by defendants was a violation of their official duty, plaintiffs seek mandamus to compel payment.  The defendants urge Act No. 330, Pub. Acts 1931, is unconstitutional. They also deny that the various items of which payment is sought are proper charges against the city of Detroit; and assert that such items of expense are not for a municipal purpose within the meaning

of the Constitution and laws of the State and the charter of the city, and that the common council cannot legally appropriate money to be used in paying therefor.

Article 8, § 6, of the Constitution, provides:

"The legislature shall by general law provide for the appointment of a board of jury commissioners in each county; but such law shall not become operative in any county until a majority of the electors of the county voting thereon shall so decide."

Prior to the constitutional provision, by Act No. 204, Pub. Acts 1893 (3 Comp. Laws 1929, §§ 13837–13862), the legislature provided for a board of jury commissioners for Wayne county. This board was functioning at the time Act No. 330 was passed, and is still the agency through which jurors are selected for the circuit court of Wayne county. Act No. 330, Pub. Acts 1931, pursuant to a referendum clause therein contained, was submitted to and adopted by the electors of the city of Detroit. Defendants contend that because of the above-quoted constitutional provision only one jury commission can be lawfully created by the legislature in a given county; and that the legislative enactment by which the present and second jury commission was created in Wayne county is invalid. In this connection it is also urged that the act under which plaintiffs were appointed is a local act, whereas the quoted section of the Constitution expressly provides "the legislature shall *by general law* provide for the appointment of a board of jury commissioners."

We think the act of 1931 providing for boards of jury commissioners for municipal courts of record does not contravene the implied provision of the quoted section of the Constitution that there shall

be "a board of jury commissioners" or one board of such commissioners in each county for which provision must be made "by general law." The arrangement of the subject-matter of article 8 of the Constitution is quite conclusive on this phase of the case. Article 8 contains the constitutional provisions relative to "local government." Sections 1 to 15a, inclusive, are germane to *county affairs;* sections 16 to 19, inclusive, to townships; and sections 20 to 25, inclusive, to cities and villages. The proper construction of section 6 necessitates confining its terms to county affairs. The section thus construed contains no inhibition against the legislation contained in Act No. 330, Pub. Acts 1931, which is expressly made applicable to cities having municipal courts of record. This constitutional provision is clearly a limitation upon the power of the legislature to enact laws providing for "the appointment of a board of jury commissioners in each county," and is not applicable to legislation fixing the method of securing juries for municipal courts. As against the reasons now urged the act must be held constitutional.

Are the items submitted by plaintiffs to the defendants for payment properly chargeable to the city of Detroit? As noted above, these items are for compensation at the statutory rate for services rendered by the respective commissioners and for expenses incurred incident to the discharge of the duties of the commission. Defendants do not question the amount or the validity of the respective charges, but it is insisted that these items are not chargeable against the city because, as stated in defendants' brief:

"The expense for the operation of the recorder's court jury commission is not a municipal purpose

within the meaning of the Constitution and laws of the State of Michigan and the charter of the city of Detroit.''

Since Act No. 330 is silent as to who shall pay the compensation of the commissioners and (except as hereinafter noted) the items of expense incurred incident to the commission's discharge of its official duties, it becomes a matter of statutory construction to ascertain, if possible, the legislative intent in this particular. It will be helpful to briefly note some of the details of legislative development incident to the establishment of the recorder's court in the city of Detroit and also incident to the creation of the recorder's court jury commission.

Act No. 326, Local Acts 1883, is entitled:

''An act to provide a charter for the city of Detroit, and to repeal all acts and parts of acts in conflict therewith.''

Chapter 12, § 1. ''The office of recorder and the recorder's court of the city of Detroit, shall continue as heretofore created and established.''

Sec. 4. ''The recorder   *   *   *   shall be the judge of the recorder's court of said city. The judge of the superior court of Detroit may act as judge of said recorder's court whenever requested so to do by the recorder, or in the absence, sickness or incapacity of said recorder, or whenever there is a vacancy in the office of recorder.''

Section 27 of the act obligates the city to pay the expenses incident to the prosecution of persons charged with violating city ordinances, but the county of Wayne is made chargeable with reasonable costs and expenses and board of prisoners incurred in prosecutions for violations of the general laws of the State.

SEC. 33. "The board of jury commissioners, as created by act 160, of the session laws of eighteen hundred and eighty-one, shall, * * * select persons to serve as petit jurors for the trial of causes in said court."

By the foregoing provision jurors for the recorder's court were obtained through the same agency as those for the circuit court of Wayne county, and the jury commissioners were paid by the county. Section 47 of the act provides the stenographer of the recorder's court shall be paid by the county treasurer. Under Act No. 326, Local Acts 1883, the recorder acting as judge of the court received "*from the treasury of the State of Michigan,* the same annual salary as may be payable to circuit judges;" and he also received additional compensation payable by the city. It thus appears that in its early existence the organization and maintenance of the recorder's court was a matter in part chargeable to the State, in part to the county, and in part to the city. But there have been many legislative enactments modifying and supplementing the earlier legislation. It is interesting and somewhat important to note the trend of the successive legislative acts as to the manner of providing payment of compensation to the officers and employees of the recorder's court of Detroit. As noted above, Act No. 326, Local Acts 1883, provided that the judge of the recorder's court should be paid by the State with provision for additional salary payable by the city. Later Act No. 369, Pub. Acts 1919, provided that each judge of the recorder's court should "receive an annual salary *from the county*" in the same amount as paid by the State to the circuit judges, and such additional salary as the common council of the city might fix. But still later, in 1923, by Act

No. 278 (3 Comp. Laws 1929, § 16530), the legislature amended the law by providing that each judge of a municipal court of record should receive *from the city* where the court was located an annual salary equal to that paid circuit judges by the State, and such additional salary as the common council of the city might fix. While the last-cited enactment, which contains a referendum clause, has not been adopted by Detroit, none the less it seems to appear that the trend of these legislative acts has been to make the expense of municipal courts of record a charge upon the city instead of the county or State.

The present city charter (title 6, chap. 6, § 1) provides:

"The revenues and moneys of the city shall be divided into the following funds. * * *

"(24) Recorder's court fund, to maintain the recorder's court."

Act No. 364, Pub. Acts 1921, amending Act No. 369, Pub. Acts 1919, provided for a municipal court jury commission composed of three qualified electors residing in the city wherein the court was located. This act was found to be unconstitutional. *Attorney General, ex rel. Cotter*, v. *Lindsay*, 221 Mich. 533. The legislature of 1923 passed Act No. 83, which again provided for the appointment by the governor of a board of municipal court jury commissioners composed of three resident electors with compensation at the rate of "ten dollars per day for time actually devoted" to performance of their official duties. The act did not make payment of such compensation a charge against either the city or the county. For what reason we are not advised, but while this act was in force Wayne county paid the commissioners at the statutory rate for services

rendered. Acting under the referendum clause, the city of Detroit subsequently adopted Act No. 330, Pub. Acts 1931. As before noted, the act does not expressly provide how the commissioners shall be paid the statutory compensation of $10 per day. However, it is important to note that in each instance where the burden of maintenance of the municipal court is expressly fixed it is placed upon the city. For example, the act specifically provides that the compensation of the secretary and stenographer shall be paid by the city in the same manner as provided by the charter for the payment of salaries of city officials. The act also provides that the city shall provide a place of meeting for the board of jury commissioners. Further, the act creating this jury commission became applicable to the recorder's court of the city of Detroit only by reason of the electors of the city having adopted it under the referendum clause. Other electors of Wayne county had no voice in the decision. Not only must the jury commissioners be residents of the city of Detroit, but the jurors drawn by these commissioners must reside within the city limits; and further, the jurisdiction of the court itself is confined primarily, if not exclusively, to the city. The statute requires the commissioners to file their oath of office with the city clerk. In addition to the foregoing we cannot overlook the fact that at the time the act in question was passed by the legislature there was already in existence in Wayne county a board of jury commissioners (3 Comp. Laws 1929, § 13837 *et seq.*) under county pay and functioning to meet the needs of the other courts in that county. And finally, it is surely somewhat indicative of legislative intent or purpose that in the first section of this act (No. 330, Pub. Acts 1931), the provision for a "short title" is:

"This act shall be known and may be cited as the 'municipal court jury code.' "

In view of the history of the legislation and considering the context of Act No. 330, Pub. Acts 1931, we think it must be held that the legislature contemplated that the city should be obligated to pay the compensation of the jury commissioners of its municipal court and other legitimate expenses incident to the discharge of their official duties. In arriving at this conclusion we have not overlooked the contention of the defendants that the act under which the former municipal court jury commission existed seems to have been construed by the local administrative officers as requiring payment of the compensation of the commissioners by the county; but this is not sufficient in our judgment to overcome the apparent intent of the legislature. It may be true, as contended by defendants, that in the interest of economical administration of governmental affairs there should be only one board of jury commissioners in Wayne county; but that is a matter of legislation, not of judicial determination.

It is stated in defendants' answer that the city of Detroit has no appropriation in its budget for the payment of the salaries of the commissioners or for payment of other expenses incident to the discharge of the commission's duties. This circumstance does not militate against plaintiffs' right to the relief sought. The prayer of the petition is sufficiently broad to entitle plaintiffs to the aid of the court in directing the proper authorities to take the necessary steps to obtain funds with which to discharge these obligations. *Balch* v. *City of Detroit,* 109 Mich. 253; *Burke* v. *City of River Rouge,* 240 Mich. 12.

Assuming that upon adjudication of the controverted issues the public authorities will co-operate

in the administration of the law, we rest decision without making a specific order at this time requiring action on their part; but if necessary an appropriate writ will issue upon proper application. Because the suit involves the administration of public affairs and all parties concerned have acted in good faith, no costs will be awarded.

CLARK, C. J., and McDONALD, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.