RATHBUN *v.* BOARD OF SUPERVISORS OF LENAWEE COUNTY.

1. JUDGES—SALARY—COUNTIES—CONSTITUTIONAL LAW.

The Constitution authorizes payment of salaries to circuit judges by counties and delegates power to fix such salaries to board of supervisors in same manner as it authorizes legislature to fix salaries payable to circuit judges by the State (Const. 1908, art. 7, § 12).

2. SAME—DECREASE IN SALARY—CONSTITUTIONAL LAW—APPROPRIATION.

The constitutional prohibition against decrease of salary of public officers after election or appointment applies to circuit judges as well as to other officers and is unaffected by failure of board of supervisors to make an appropriation to cover item of such salary as fixed by yet effective legislative act on part of board (Const. 1908, art. 7, § 12, art. 16; § 3).

3. SAME—SALARY—MANDAMUS—COUNTIES.

Circuit judge for whose office board of supervisors had voted payment of salary by county prior to his election *held,* entitled to writ of mandamus ordering payment of unpaid portion *notwithstanding no appropriation therefor had been made* (Const. 1908, art. 7, § 12, art. 16, § 3).

Petition by George A. Rathbun, circuit judge of 39th judicial circuit, for mandamus to compel Board of Supervisors of Lenawee County to pay unpaid portion of salary payable by county. Submitted April 14, 1936. (Calendar No. 38,837.) Writ allowed June 4, 1936.

*Charles L. Robertson* and *Frank J. Riley,* for plaintiff.

*L. B. Kuney,* Prosecuting Attorney, and *Lawrence J. Hammond,* Assistant Prosecuting Attorney, for defendant.

Potter, J.   Plaintiff, circuit judge of the 39th judicial circuit, was elected to that office at the April, 1929, election and reelected at the April, 1935, election for the statutory term.

November 3, 1927, the salary of the circuit judge to be paid by the county of Lenawee was fixed at $1,500.   This salary so fixed by the board of supervisors has not been changed by the board.   It was paid until January 1, 1933, since which time it has not been paid and no appropriation has been made therefor.   Plaintiff, claiming the board of supervisors had no power or authority to decrease his official salary in force at the time he took office, made demand for the payment of the unpaid portion of his salary.   This was refused by the board of supervisors and plaintiff seeks mandamus against the board of supervisors for an order directing the payment of unpaid salary.

Constitution 1908, art. 7, § 12, provides:

"Each of the judges of the circuit courts shall receive a salary payable monthly.   In addition to the salary paid from the State treasury, each circuit judge may receive from any county in which he regularly holds court such additional salary as may be determined from time to time by the board of supervisors of the county.   In any county where such additional salary is granted it shall be paid at the same rate to all circuit judges regularly holding court therein."

Constitution 1908, art. 16, § 3, provides:

"Salaries of public officers, except circuit judges, shall not be increased, nor shall the salary of any public officer be decreased after election or appointment."

That part of the salary fixed by the board of supervisors of the county of Lenawee was authorized by the Constitution to be fixed, the same as the legislature was authorized to fix the salary of the circuit judges payable by the State; and the constitutional prohibition against the decrease of the salary of public officers applies to circuit judges as well as to other officers.

The fact that the board of supervisors made no appropriation to cover this item of salary is not important. The board of supervisors in 1927 fixed the amount of salary to be paid by the county of Lenawee to the circuit judge at $1,500. That was done by a vote of the board of supervisors upon a motion for that purpose. It was a legislative act on the part of the board of supervisors. It has never been rescinded and is still in full force and effect. This case is ruled by *Gillespie* v. *Board of County Auditors of Oakland County,* 267 Mich. 483. Plaintiff is entitled to the authorized salary which has not been paid.

A writ will issue as prayed.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL, EDWARD M. SHARPE, and TOY, JJ., concurred.