## STURGIS *v.* COUNTY OF ALLEGAN.

1. SCHOOLS AND SCHOOL DISTRICTS—STATUTES—COUNTY BOARD OF
   EDUCATION—COUNTY SUPERINTENDENT OF SCHOOLS—SALARY.
   The county board of education was vested by statute with power
   to appoint a qualified superintendent of schools to perform
   the duties imposed by law and to fix compensation payable
   by the county in addition to that payable by the State (CL
   1948, § 388.177, as amended by PA 1949, No 217).

2. SAME—LEGISLATURE.
   The legislature has entire control over the schools of the State
   subject only to the provisions of the Constitution relating
   thereto.

3. SAME—EDUCATION NOT A MATTER OF LOCAL CONCERN.
   Education in this State is not a matter of local concern, but
   belongs to the State at large.

4. SAME—STATUTES—COURTS.
   It is the duty of the Supreme Court to construe statutory pro-
   visions relative to school matters in such a manner as to
   carry out the obvious intention of the legislature.

5. SAME—SALARY OF COUNTY SUPERINTENDENT—COUNTY BOARD OF
   EDUCATION—BOARD OF SUPERVISORS.
   Action of the county board of education in fixing an amount
   payable to the county superintendent of schools, in addition
   to that provided by the State, may not be nullified by the
   board of supervisors by refusing to appropriate sufficient
   funds to discharge the obligation created by the county board

REFERENCES FOR POINTS IN HEADNOTES
[1, 5]  47 Am Jur, Schools § 29 *et seq.*
[2, 3]  47 Am Jur, Schools § 6.
[4]   47 Am Jur, Schools § 9.
[6]   35 Am Jur, Mandamus § 246.
[6]   Mandamus to compel appropriation for payment of salary of
     public officer or employee.   81 ALR 1253.
[7]   35 Am Jur, Mandamus § 393.

of education, where the statute did not specifically require approval of such action by the board of supervisors (CL 1948, § 388.177, as amended by PA 1949, No 217).

6. Mandamus—County's Share of Salary of County Superintendent of Schools.

Mandamus was the proper remedy to compel action by the county in the matter of paying county's share of salary of county superintendent of schools, where no question is raised as to the reasonableness of the amount fixed by the county board of education, the approval of the board of supervisors ·was not required by statute, and the prayer of the petition is sufficiently broad to enable plaintiff to have the aid of the court in directing the proper authorities to take the necessary steps to obtain funds with which to make payment (CL 1948, § 388.-177, as amended by PA 1949, No 217).

7. Costs—Construction of Statutes—Salary of County Superintendent of Schools.

No costs are allowed in mandamus to compel payment of county's share of salary of county superintendent of schools, where the case involves the interpretation of a statute (CL 1948, § 388.177, as amended by PA 1949, No 217).

Appeal from Allegan; Glennie (Philip J.), J., presiding. Submitted June 7, 1955. (Calendar No. 46,247.) Decided October 3, 1955.

Petition for mandamus by G. Ray Sturgis against the County of Allegan, a municipal corporation, its Board of Supervisors and its Board of Education, to compel payment of salary as county superintendent of schools. Defendant Board of Education admitted plaintiff entitled to relief prayed. Writ granted. Defendants County of Allegan and its Board of Supervisors appeal. Affirmed.

*Chester A. Ray,* for plaintiff.

*Dwight M. Cheever,* Prosecuting Attorney, and *Thompson Bennett,* for defendants County of Allegan and its Board of Supervisors.

CARR, C. J.  Pursuant to the provisions of "the county school district act"* the defendant board of education on April 11, 1951, entered into a contract with plaintiff for his services as county superintendent of schools for the period beginning July 1, 1951, and ending June 30, 1955.  The agreement referred to the fact that plaintiff's qualifications, powers and duties, and the salary payable to him by the State, were fixed by the statute.  It was further specified that plaintiff should receive as a part of his compensation the sum of $1,500 per year and "traveling expenses incurred in the discharge of his official duties from the budget approved by the board of supervisors."

It is not questioned that plaintiff has performed his duties as contemplated by the contract and statute.  During the first 4 months of his tenure he was paid by the county board of education the sum of $125 per month.  The board of supervisors, however, refused to honor the request of the board of education for the appropriation of money to pay the superintendent the amount fixed by the agreement in question, and in consequence further payments by the county were not made.  In 1953 the sum of $1 was appropriated.  Apparently it was the position of the defendant board of supervisors that the plaintiff's compensation as fixed by the board of education was subject to its approval.

Claiming that the county board of education was authorized by statute to fix compensation payable by the county in addition to the State salary, plaintiff, on the 30th of July, 1953, filed his petition in the circuit court for the county of Allegan asking

---

* PA 1935, No 117, as amended (CL 1948, § 388.171 *et seq.,* as amended [Stat Ann, Stat Ann 1953 Rev and Stat Ann 1953 Cum Supp § 15.161 *et seq.*]).  Said act was superseded and repealed by PA 1955, No 269, known as "the school code of 1955," effective July 1, 1955.  See Part 1 chapter 8 of said code (CL 1948, § 340.291 *et seq.* [Stat Ann 1955 Cum Supp § 15.3291 *et seq.*]).

that a writ of mandamus issue against the defendant board of education requiring the payment of the compensation fixed by said board, and for further and contingent relief against the other defendants. The board of education filed answer conceding plaintiff's right to the relief sought, but the other defendants, while admitting that plaintiff had been duly employed as county superintendent of schools, denied his right to be paid the sum of $1,500 per annum by the county for the reason that the board of supervisors had not specifically appropriated funds to cover said payment. The answer further denied that there was any duty on the part of said board to make the appropriation, and asserted further that it was within its legal rights in declining to honor the request of the county board of education to include in the budget therefor sufficient money to cover the compensation agreed to be paid to plaintiff in addition to the salary payable by the State.

The controversy was submitted to the trial court on the pleadings, but with the understanding that pertinent records of defendants should be available to the court for examination. After due consideration of the matter, the trial judge came to the conclusion that plaintiff was entitled to the relief sought by him and entered an order directing the issuance of a peremptory writ of mandamus against the county board of education for the payment of salary due plaintiff from county funds, and further commanding that in the event said board of education being without sufficient funds to comply, a further writ issue directing the other defendants to appropriate and make available sufficient funds for the required payment. From such order the defendant board of supervisors and the county of Allegan have taken an appeal, on leave granted, in the nature of certiorari.

The determination of the case involves a consideration of provisions of the county school district act with reference to the powers of the board of education. Section 7 thereof (CL 1948, § 388.177, as amended by PA 1949, No 217 [Stat Ann 1949 Cum Supp § 15.167]), defined the powers and duties of said board, containing, among other provisions, the following:

"(d) To employ a county superintendent of schools and such assistants, including in its discretion a deputy, as it shall deem necessary for the best school interest of the county and to fix the compensation for the same except as otherwise provided in section 9a. That part of the compensation of the county superintendent of schools as is paid from county funds and the compensation of the deputy and assistants which shall include salaries and traveling expenses incurred in the discharge of their official duties and the necessary and contingent expenses of the office of the county board of education and the county superintendent of schools for printing, postage, stationery, record books, equipment, office and telephone rental, rent of rooms for teachers' or school officers' meetings, pupils' mental and achievement tests, expenses incurred in the health and social service program of the office, and elections conducted by the county board of education, shall be paid by the county treasurer after the same have been authorized by the county board of education from such amounts as may be appropriated therefor by the county board of supervisors. The county board of education shall employ and contract with for a term of not to exceed 4 years a county superintendent of schools who shall have the qualifications and perform the duties as provided in this act: * * *

"(g) The county board of education shall make out an annual budget showing the total amount required to carry on the lawful activities of the county board of education, which amount shall be as-

sessed and collected at the same time and in the same manner as other county taxes are assessed and collected and paid out by the proper authorities of said county upon the direction of the county board of education."

Subsequent amendments to the statute do not affect the matters at issue here. Section 9a, referred to in section 7(d) above quoted, fixed the salary of the county superintendent of schools payable by the State. Other sections specified the qualifications of the superintendent and likewise his duties. It is apparent that the legislature intended to vest in the county board of education the power to appoint a qualified superintendent of schools to perform the duties imposed by law, and to provide for the payment of a salary by the State to said superintendent, with authority in the board of education to fix additional compensation to be paid by the county.

The power of the legislature with reference to matters pertaining to education has been repeatedly recognized. In *Child Welfare Society of Flint* v. *Kennedy School District,* 220 Mich 290, 296, after referring to certain constitutional provisions dealing with education, it was said:

"The legislature has entire control over the schools of the State subject only to the provisions above referred to. The division of the territory of the State into districts, the conduct of the school, the qualifications of teachers, the subjects to be taught therein are all within its control. In *Attorney General* v. *Lowrey,* 131 Mich 639, 644, it was said:

" 'The school district is a State agency. Moreover, it is of legislative creation. It is true that it was provided for in obedience to a constitutional requirement; and, whatever we may think of the right of the district to administer in a local way the affairs of the district under the Constitution, we

cannot doubt that such management must be in conformity to the provisions of such laws of a general character as may from time to time be passed, and that the property of the district is in no sense private property, but is public property, devoted to the purposes of the State, for the general good, just as almshouses and courthouses are, although confided to local management, and applied to uses which are in a sense local, though in another sense general.'"

In *Van Fleet* v. *Oltman*, 244 Mich 241, it was held:

"The legislature has entire control over the schools of the State subject only to the provisions of the Constitution relating thereto." (Syllabus 1.)

"Education in this State is not a matter of local concern, but belongs to the State at large." (Syllabus 2.)

In that case there was involved the right of the county commissioner of schools to bind the county by incurring expense in the taking of the school census. The trial court issued its writ of mandamus to compel the finance committee of the board of supervisors to audit and allow a claim for services rendered by employees under appointment by the commissioner. From the order granting such writ defendants brought certiorari which was dismissed by this Court. It may be noted that no question was involved as to the reasonableness of the charges for the services performed. Likewise, in the case at bar it does not appear that there is any claim on the part of appellants that the additional compensation fixed by the county board of education for the plaintiff was unreasonable in amount. Rather, the question at issue is the right of the board of education to exercise the function granted to it by the statute with respect to such compensation.

It is the duty of the Court to construe the statutory provisions in question here in such manner as to carry out the obvious intention of the legislature. *Gardner-White Co.* v. *State Board of Tax Administration,* 296 Mich 225; *VanAntwerp* v. *State,* 334 Mich 593; *Staiger* v. *Liquor Control Commission,* 336 Mich 630. Had it been intended to vest the board of supervisors with the power to nullify the action of the board of education, we think it fair to assume that specific provision requiring approval of the action of the latter board would have been made. This was not done. Rather, the purpose was clearly manifest in the various provisions of the county school district act to charge the board of education with the duty of determining what, if any, compensation should be paid by the county to its superintendent of schools. The language of section 7(g), above quoted, is inconsistent with the claim that the board of supervisors, by refusing to appropriate sufficient funds to discharge the obligation created by the board of education in accordance with the statute, could defeat such action. The trial judge was correct in so holding.

It is further argued on behalf of appellants that mandamus is not the proper remedy. In support of such claim reliance is placed on language found in *Van Fleet* v. *Oltman, supra,* with reference to the authority of the finance committee of a board of supervisors to pass on claims when the reasonableness of charges made for services rendered is in issue. As before pointed out, such was not the situation in the *Van Fleet Case,* the only question being the right of the commissioner of schools to bind the county by incurring expense in connection with the taking of the census. In the case at bar it does not appear that appellants claim that the sum of $1,500, which the board of education concluded was a proper amount to pay plaintiff by way

of additional salary, was unreasonable in amount. Rather, the argument is in substance that the right of the board of education to fix any compensation was subject to the approval of the board of supervisors. As hereinbefore indicated, the statute may not be so construed. No question is involved as to the situation that would be presented had an attempt been made to fix compensation grossly excessive in amount.

The situation here is that we are dealing with plaintiff's right to collect a salary, not claimed to be unreasonable in amount, duly fixed in accordance with an act of the legislature. Under such circumstances mandamus is a proper remedy. *Speed* v. *Common Council of the City of Detroit,* 100 Mich 92; *Walker* v. *Common Council of City of Detroit,* 259 Mich 480; *Rathbun* v. *Board of Supervisors of Lenawee County,* 275 Mich 479; *Dearborn Fire Fighters Association* v. *City of Dearborn,* 323 Mich 414. The suggestion that plaintiff is not entitled to relief in this action because no appropriation has been made to cover that part of his salary that is payable by the county is answered by the decision in *Walker* v. *Common Council of City of Detroit, supra,* where it was said (p 488):

"It is stated in defendants' answer that the city of Detroit has no appropriation in its budget for the payment of the salaries of the commissioners or for payment of other expenses incident to the discharge of the commission's duties. This circumstance does not militate against plaintiffs' right to the relief sought. The prayer of the petition is sufficiently broad to entitle plaintiffs to the aid of the court in directing the proper authorities to take the necessary steps to obtain funds with which to discharge these obligations. *Balch* v. *City of Detroit,* 109 Mich 253; *Burke* v. *City of River Rouge,* 240 Mich 12."

The order of the trial court is affirmed. Inasmuch as the case involves the interpretation of a statute, no costs are allowed.

Butzel, Smith, Sharpe, Boyles, Reid, Dethmers, and Kelly, JJ., concurred.