# Order

**Michigan Supreme Court**
**Lansing, Michigan**

August 3, 2018

156755

*In re* JACKSON.

_____

DOUGLAS CORNELL JACKSON,
       Plaintiff-Appellant,

v

WAYNE CIRCUIT COURT JUDGE,
       Defendant-Appellee.

_____/

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement,
Justices

SC: 156755
COA: 339724

On order of the Court, the application for leave to appeal the September 20, 2017 and October 19, 2017 orders of the Court of Appeals is considered. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we VACATE the Court of Appeals orders, and we REMAND this case to the Court of Appeals, as on reconsideration granted, for plenary consideration of the plaintiff's argument that MCL 600.2963(8), as applied to his complaint for superintending control, is unconstitutional.

We do not retain jurisdiction.

MCCORMACK, J. (*concurring*).

I concur in the order remanding the case to the Court of Appeals as on reconsideration granted. I write separately to respond to Justice WILDER's suggestion that the Court of Appeals consider why Mr. Jackson is not permitted to work when evaluating his ability to pay his outstanding court fees. Justice WILDER appears to expect litigants to show good cause for their indigence before their fees will be waived or suspended. I note that neither court rule nor statute permits such a consideration.

MCL 600.2963 governs the commencement of civil actions by prisoners. The statute directs courts to evaluate a claim of indigence on the basis of "a certified copy of [the prisoner's] institutional account, showing the current balance in the account and a 12-month history of deposits and withdrawals for the account." MCL 600.2963(1). If the balance in the prisoner's account is less than the filing fee, the court must require the prisoner to pay a partial filing fee. MCL 600.2963(3). But "if the prisoner has no assets and no means by which to pay the initial partial filing fee," the court may, "pursuant to court rule, waive[] or suspend[] the payment of fees" until "the reason for the waiver or suspension no longer exists."[1] MCL 600.2963(7). The statute does not grant courts the

_____

[1] Since the potentially unconstitutional application of the statute occurred when the Court of Appeals dismissed Mr. Jackson's motion in this case, the relevant question is whether

discretion to consider other factors. Even if Justice WILDER is correct that "means by which to pay" may comprise employment income, the statute directs courts to make a determination based on a certified copy of the prisoner's institutional account balance and 12-month history of deposits and withdrawals. Deposits may establish that the prisoner has the means by which to pay a filing fee. But nothing in the statute suggests that the absence of deposits somehow permits a court, sua sponte, to hold an evidentiary hearing to determine if the prisoner has failed to earn money despite being capable of working, or, if he is incapable of working, whether the reason for his inability is one the court finds acceptable.

The court rule, too, limits courts to considering only ability to pay. "If a party shows by ex parte affidavit or otherwise that he or she is unable because of indigency to pay fees and costs, the court shall order those fees and costs either waived or suspended until the conclusion of the litigation." MCR 2.002(D). *Black's Law Dictionary* defines "indigent" as "[s]omeone who is found to be financially unable to pay filing fees and court costs and so is allowed to proceed *in forma pauperis*." *Black's Law Dictionary* (10th ed).

Finally, the consideration of a litigant's explanation for indigence is itself constitutionally suspect. Although "fee requirements ordinarily are examined only for rationality, . . . access to judicial processes in cases criminal or 'quasi criminal in nature' . . . [may not] turn on ability to pay." *MLB v SLJ*, 519 US 102, 123-124 (1996), quoting *Mayer v Chicago*, 404 US 189, 196 (1971). All indigent litigants have a fundamental right of access to judicial processes in criminal and quasi-criminal cases; a court may not abridge the fundamental rights of some subset of indigents because it finds their poverty inexcusable.

In our system, courts decide *if* a litigant is unable to pay, not *why* a litigant is unable to pay. The alternative Justice WILDER offers is novel, but it is also unworkable. And it has no basis in statute or court rule.

VIVIANO and BERNSTEIN, JJ., join the statement of MCCORMACK, J.

WILDER, J. (*dissenting*).

I would deny leave to appeal. Not only did defendant fail to preserve the issue of the constitutionality of MCL 600.2963(8), in addition, the case that defendant relies on in his application to the Court, *Burns v Ohio*, 360 US 252 (1959), involved an appeal in a

---

at the time he filed this motion he had assets or means by which to pay an initial partial filing fee, not whether he had "the ability to satisfy his unpaid fees" from the previous action.

criminal case, while the instant case involves the ability to bring a subsequent civil action when fees are outstanding for a previous civil action.

Given this Court's remand nevertheless, I would note that, according to the Michigan Department of Corrections website, Mr. Jackson is currently imprisoned at Security Level IV.[2] The MDOC security levels range from I to V, and, "[i]n general, the higher the security level, the more security risk a prisoner presents in terms of manageability or escape potential."[3] Thus, in my view, when considering whether MCL 600.2963(8) is unconstitutional "as applied" to Mr. Jackson,[4] the Court of Appeals should consider all of the relevant facts and circumstances.[5] The Legislature has indicated that a prisoner is not prohibited from "commencing a civil action or filing an appeal in a civil action *if* the prisoner has *no assets and no means by which to pay* the initial partial filing

---

[2] See Michigan Department of Corrections, *Offender Tracking Information System* <http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=748757> (accessed July 28, 2018) [https://perma.cc/SRG4-AJWH].

[3] See Michigan Department of Corrections, *Definitions/Glossary* <https://www.michigan.gov/corrections/0,4551,7-119-1441_1519---,00.html> (accessed July 28, 2018) [https://perma.cc/NU7X-EJSJ] (under entry for "Level I - V prison housing").

[4] "When faced with a claim that application of a statute renders it unconstitutional, the Court must analyze the statute 'as applied' to the particular case." *Crego v Coleman*, 463 Mich 248, 269; 615 NW2d 218 (2000).

[5] Per MDOC Policy Directive 05.02.110, prisoners "shall be assigned to work and/or school . . . ." Policy Directive 05.02.110(A), available at <https://www.michigan.gov/documents/corrections/05_02_110_225743_7.pdf> (accessed July 28, 2018) [https://perma.cc/9V2Z-BY4X]. Both work and school assignments generally pay prisoners according to a specified scale. MDOC Policy Directive 05.02.110, Policy Statement. However, there are circumstances under which prisoners are deemed "unemployable prisoners." See MDOC Policy Directive 05.01.100(Z), available at <https://www.michigan.gov/documents/corrections/0501100_PD_602177_7.pdf> (accessed July 28, 2018) [https://perma.cc/3UKJ-VNAZ].

fee." MCL 600.2963(7) (emphasis added). However, "the fact of a prisoner's incarceration cannot be the sole basis for a determination of indigency." *Id.* As a result, consideration solely of "a certified copy of the prisoner's institutional account balance and 12-month history of deposits and withdrawals" may or may not be conclusive regarding a prisoner's indigency. Indeed, consideration of whether a prisoner has the "means by which to pay" logically contemplates consideration of a prisoner's capacity to earn wages and his or her exercise of that capacity,[6] which directly implicates the prisoner's ability to satisfy his or her unpaid fees.

MARKMAN, C.J., joins the statement of WILDER, J.

---

[6] In this context, "means" is defined as "available resources, especially for the payment of debt." *Black's Law Dictionary* (8th ed).



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

August 3, 2018



d0731t

Clerk