HALL *v.* DICKINSON.

1. VENUE—CHANGE OF VENUE—MUNICIPAL CORPORATIONS.

While a municipality may not be sued outside of its own county, a suit begun therein may be transferred to another county under 3 Comp. Laws 1915, §§ 12341-12347, providing for change of venue.

2. SAME—STIPULATION BY ATTORNEYS—VALIDITY.

In a civil action against a municipal corporation, a stipulation for change of venue signed by the attorneys for the parties and acted upon by all parties, was not invalid because not signed by the parties themselves.

3. SAME—PRESUMPTIONS—MANDAMUS—JUDGMENT.

Where the action was litigated to final judgment without the authority of defendant's attorneys to stipulate for change of venue being questioned, such authority will be presumed in mandamus proceedings to enforce the judgment, in the absence of evidence to the contrary.

4. SAME—CHANGE OF VENUE—STIPULATION—AUTHORITY—ATTORNEY AND CLIENT—RATIFICATION—INFERENCES.

As a general rule, attorneys have the power, without expressly specified and granted authority, to bind their clients in those things incidental to, or deemed necessary or advisable for, the management and guidance of the case in the client's interest relating to the remedy being pursued, and ratification of their acts is inferable from acquiescence and participation with full knowledge of the circumstances.

5. SAME—MUNICIPAL CORPORATIONS—RATIFICATION — SUPERVISORS —PRINCIPAL AND AGENT.

In a civil action against a township, where change of venue was effected by stipulation of attorneys, ratification is inferable from acquiescence and participation by the supervisor, who, under section 2115, 1 Comp. Laws 1915, is the agent of the township for the transaction of its legal business, with full knowledge of the circumstances.

6. JUDGMENT—PROCEEDINGS TO ENFORCE—MANDAMUS—COLLATERAL ATTACK.

A mandamus proceeding against the supervisor to compel

See notes in 25 L. R. A. (N. S.) 711; L. R. A. 1915F, 1029.

the levying and collection of a tax to provide funds for the payment of a judgment against the township, is collateral to the judgment and no inquiry into its regularity or validity can be permitted therein.

7. SAME—CONTRIBUTION—MUNICIPAL CORPORATIONS—JOINT JUDGMENT DEBTORS.

It is the general rule that a judgment creditor may at his option proceed to collect his judgment from any or all of the defendants against whom his judgment runs, and the rule is not essentially different as to municipal corporations; and if a township is compelled to pay the entire judgment against it and a city codefendant it has an adequate remedy against the city for its proportion of the indebtedness.

8. VENUE—CHANGE OF VENUE—JURISDICTION TO ENFORCE JUDGMENT.

Under section 14563, 3 Comp. Laws 1915, the court to which a .cause has been transferred by change of venue retains jurisdiction to enforce the judgment.

9. MANDAMUS—MUNICIPAL CORPORATIONS—ENFORCEMENT OF JUDGMENT.

Mandamus to compel a tax to be assessed and collected is the proper remedy to enforce a judgment against a municipal corporation in case of refusal of the officer or officers whose duty it is to assess and levy a tax to pay the judgment after proper notice and request.

10. VENUE—CHANGE OF VENUE—ENFORCEMENT OF JUDGMENT—NEW ACTION.

The court to which a cause was transferred by change of venue has jurisdiction in a mandamus proceeding to enforce the judgment, such proceeding not being a new and distinct civil action, but incidental and auxiliary to the original or main action.

Certiorari to Alpena; Emerick, J. Submitted January 7, 1919. (Calendar No. 28,542.) Decided February 7, 1919.

Mandamus by Augusta O. Hall, administratrix of the estate of De Vere Hall, deceased, to compel William H. Dickinson, supervisor of AuSable township, to spread an assessment for the amount of a judg-

ment.   From an order granting the writ, defendant brings certiorari.   Affirmed.

*Joseph H. Cobb,* for appellant.

*Fred W. De Foe* and *Henry & Henry,* for appellee.

STEERE, J.   On May 4, 1917, plaintiff, a resident of Bay county, obtained a judgment for $2,243.49 in the circuit court of Alpena county against the city of AuSable and township of AuSable, municipal corporations located in Iosco county.   The action was begun in the circuit court of Iosco county, where reputable attorneys appeared for each of the defendant municipalities.   After the cause was at issue the venue was changed to Alpena county under the following stipulation of counsel and order of the court:

"Whereas, It appears in the above entitled cause that the defendants are not prepared to try the case at the June term of said court, and further that in case of the trial thereof the defendants desire to demand a jury trial; and,

"It further appearing that if such continuance be granted and a jury trial demanded by the defendants and granted by the court, that it will be necessary for the plaintiff in order to protect her interest to move for a change of venue from said Iosco county owing to local conditions affecting the rights of the parties, and in order to settle all of the foregoing questions between the parties without costs or expense to them, it is hereby stipulated and agreed by and between their respective attorneys:

"*First.* That said cause may be continued over the June term of said court.

"*Second.* That said defendants may at any time before the trial of said cause file a written demand for a jury trial therein.

"*Third.* That if said cause be tried that a change of venue be granted therein to Alpena county, all parties hereto agreeing that sufficient grounds exist for the granting thereof.   That such order for change of venue may be made upon application of the plaintiff to said court without notice to the defendants herein.

"It is further agreed that in case of a transfer and trial of said cause that said trial will be had at the September, 1916, term of the Alpena circuit court.

"Dated at Alpena, Mich., June 15th, 1916.

"FRED. W. DEFOE,
"Attorney for plaintiff.

"JOHN A. STEWART,
"Attorney for defendant city of AuSable.

"A. W. BLACK,
"Attorney for defendant township of AuSable."

"STATE OF MICHIGAN.
"The Circuit Court for the County of Iosco:
"AUGUSTA O. HALL,
"Adm'x of Estate of DeVere Hall, Deceased.
"Relator,
"v.
"WILLIAM H. DICKINSION,
"Supervisor of Township of AuSable,
"Respondent.

"On reading and filing a stipulation signed by the attorneys for the respective parties in this cause consenting and agreeing to a change of venue therein to Alpena county, and on motion of Fred. W. DeFoe, attorney for plaintiff, it is ordered that the venue of this case be changed from the county of Iosco to the county of Alpena, and that the issue herein be tried in the circuit court for the county of Alpena aforesaid; and,

"It is further ordered that the clerk of said circuit court do forthwith transmit to the clerk of said circuit court for the county of Alpena all of the original files and papers in this cause, together with certified copies of all rules and orders made and entered in said cause.

"ALBERT WIDDIS,
"Circuit Judge."

A trial by jury was thereafter had in Alpena county at which officers of both the city of AuSable and township of AuSable were present assisting in the management of the case and acting as witnesses, one of such officers being defendant William H. Dickinson, then and yet supervisor of the township of Au-

Sable. After verdict and judgment as above stated, both defendants by their attorneys made motions for a new trial which were heard, considered, and denied by the trial court in a written opinion filed in the cause.

On August 17, 1917, steps were taken by plaintiff to collect the judgment pursuant to the method prescribed by statute, certified copies of the judgment being served upon the assessing officers of the defendant municipalities with request that they spread upon their assessment rolls added taxes sufficient to pay such judgment, which was not done.

On July 8, 1918, like steps were again taken by plaintiff under the statute and demand for such assessment made, when the assessing officers of defendants expressly refused to assess such judgment for collection on their respective rolls. After serving a written demand and copy of the statute in such case provided upon defendant Dickinson and his refusal to act, application was made by plaintiff to the circuit judge of Iosco county for a writ of mandamus to compel compliance with such demand by Dickinson as supervisor of AuSable township. The circuit judge of Iosco county, after examining such application, returned the papers to plaintiff's counsel and declined to entertain the same on the ground that the cause had been transferred to Alpena county and in his opinion he had no further jurisdiction in the premises. Application was then made, with proper showing, to the circuit court of Alpena county for a writ of mandamus against defendant William H. Dickinson, as supervisor of the township of AuSable, to compel him to spread a tax upon his assessment roll for payment of said judgment. After hearing upon an order to show cause thereon, a writ of mandamus was granted by the circuit court of Alpena county as prayed for. Defendant then removed the proceedings

to this court by certiorari to review the order of the Alpena circuit court granting such writ of mandamus.

Counsel for defendant urges as error against such order the following reasons:

"*First.* Because the judge of the circuit court for the county of Alpena acquired no jurisdiction to render judgment in said cause.

"*Second.* Because the judgment was against the city of AuSable and the township of AuSable and could not be enforced against one of said municipalities independent of the other.

"*Third.* Because the judge of the circuit court for the county of Alpena had no jurisdiction to issue a writ of mandamus, such defendant municipalities being outside of his judicial circuit."

Concededly a municipality in this State cannot be sued outside of its own county, but it does not follow that the venue may not thereafter be changed and the case transferred to another county for trial. Section 12341, 3 Comp. Laws 1915, provides for transfer of causes, or change of venue, as follows:

"Each of the circuit courts, upon good cause shown, may change the venue in any civil cause pending therein, and direct the issue to be tried in the circuit court of another county, and make all necessary rules and orders for certifying and removing such cause, and all matters relating thereto, to the court in which such issue shall be ordered to be tried, and such court shall thereupon have full jurisdiction of such cause, the same as though such cause had been originally commenced therein; and in every such case all expenses of such trial which would be chargeable to the county in which the suit originated, had the cause been tried therein, as determined by the circuit judge of the county to which said cause has been transferred, shall be a charge upon the county in which the suit was commenced."

Section 12342 provides for transfer of causes in case of disqualification of the judge in the jurisdiction where the suit is pending. Section 12343 authorizes application to the judge of an adjoining circuit, not

disqualified, for an order of transfer, and further provides:

"The parties to any such suit may, by stipulation in writing, consent to the transfer of such suit or proceeding without any application to the judge, in which case the stipulation shall have the same effect as an order duly made for transfer."

Section 12346 also provides:

"In case the parties to said suit or proceeding shall by stipulation in writing or otherwise agree upon the circuit court of the county to which said cause shall be transferred, said circuit judge shall make an order of transfer in accordance therewith." * * *

It is not questioned that the order of transfer, with all other original or certified files, records and papers in the case were duly transmitted in prescribed time and manner to and filed in the circuit court of Alpena in compliance with the statute. By section 12347, the

"court to which said suit or proceeding is by said order directed to be transferred * * * shall have jurisdiction of the same to the same extent as if said cause or proceeding had been legally commenced in said court," etc.

It is urged by counsel for defendants that the stipulation for transfer was invalid because signed by the attorneys and not by the parties themselves. Defendants are municipal corporations, artificial legal entities, or personalities, created by law, which can only act through legally constituted agents and attorneys. This is a civil action in which reputable attorneys whose authority as such is not questioned entered their appearance for defendants and in their professional capacity duly filed their pleadings and conducted the defense. The cause was properly planted, pending and at issue in Iosco county where counsel for all parties in interest stipulated a change of venue. An order was made by the court transferring the

same which recites that it was made on motion of counsel for plaintiff and pursuant to the stipulation filed in said cause. The transfer was not only stipulated for but subsequently acquiesced in and acted upon by all parties, who without objection proceeded to trial in Alpena county and actively participated therein until final judgment.

Indicating that legal minds sometimes run in the same channel but in opposite directions, counsel for defendant made the contention some 40 years ago that a change of venue was invalid and the court to which the case was transferred without jurisdiction because the stipulation was signed by the party himself instead of his attorney. *Goebel* v. *Stevenson*, 35 Mich. 172. Of this the court said:

"The transfer was by agreement of record. Both courts acquiesced. Aldrich and Innes entered into it voluntarily and freely. That it was executed by Innes in person rather than by attorney is no ground of objection. If strict practice required it to be done through his attorney, which we do not admit, it is sufficient that it was afterward acknowledged and acted on as regular. * * * We think this objection is without force. * * * They went in and were recognized as standing there as masters of the litigation, and the court took full cognizance of the cause. * * * The court got jurisdiction of Aldrich and Innes by their agreement and submission, and they cannot be heard to complain." * * *

It is further contended that no agent or attorney could bind the defendant municipalities by such stipulation unless authorized to sign the same by resolution of their governing bodies duly passed and recorded. What action if any those bodies took and made of record relative to this litigation prior to or after this judgment is not shown. This case was litigated to final judgment followed by denial of motion for a new trial and expiration of time for appeal without any question being raised as to the authority of the

agents and attorneys of defendants, or the legality and regularity of its transfer to another county for trial. The presumption in this supplemental proceeding is that they were duly authorized to act, and there is no proof to the contrary. Dickinson, who is the defendant here, then and now supervisor of AuSable township, attended, participated in and testified as a witness for the defense at said trial. He was by statute agent of his township for transaction of its legal business. Section 2115, 1 Comp. Laws 1915, provides:

"That the supervisor of each township shall be the agent for his township for the transaction of all legal business, by whom suits may be brought and defended, and upon whom all process against the township shall be served."

As a general rule attorneys have the power without expressly specified and granted authority to bind their clients in those things incidental to, or under the circumstances which arise deemed necessary or advisable for, the management and guidance of their side of the case in their client's interest relating to the remedy being pursued, and ratification of their acts is inferable from acquiescence and participation with full knowledge of the circumstances. All parties to this action and the proceedings in relation to it having participated with full knowledge and submitted themselves through their agents and attorneys to the jurisdiction of the Alpena circuit court by agreement and without objection, in the manner stated, were bound thereby; and in any event cannot now after final judgment question the jurisdiction of such court to which the venue was changed by stipulation and order of record accepted by all parties and acted upon by the court rendering the judgment. Want of jurisdiction is not shown here. Aside from that question, the general rule is well stated, with citation of decisions, in 23 Cyc. p. 1064, as follows:

"A proceeding to enforce a judgment is collateral to the judgment, and therefore no inquiry into its regularity or validity can be permitted in such a proceeding, whether it be a direct action on the judgment, or on a note given in satisfaction of the judgment, or a proceeding to revive the judgment, or proceedings supplementary to execution, or bill in equity in aid of execution or to enforce the lien of the judgment, * * * or a proceeding by mandamus to compel the levying and collection of a tax to provide funds for the payment of the judgment, the debtor being a municipal corporation."

We are cited to no authority in support of defendant's second contention, that being municipal corporations the judgment cannot be enforced against one independent of the other. The general rule is well settled that a judgment creditor may at his option proceed to collect his judgment from any or all of the defendants against whom his judgment runs.

"Judgments in actions by or against municipal corporations do not differ essentially, as regards their rendition and form, from those in actions between individuals or other corporations." 14 Enc. of Plead. & Practice, p. 243.

If the defendant township is compelled to pay the entire judgment it has an adequate remedy against the city for its proportion of the indebtedness as one partner would have against a copartner under like circumstances or an individual defendant against his judgment codefendant.

The case was legally transferred to the circuit court of Alpena county where a valid judgment was rendered against defendants and there stands unsatisfied and in full force. The remaining question is whether the court of that county or of the county from which the case was transferred has jurisdiction to issue a mandamus to enforce payment of said judgment. It is a general rule that the trial court loses jurisdiction of an action pending therein by granting a change of

venue and no steps can be legally taken thereafter in that action by or before the court from which the venue is changed. This rule is recognized in our statute authorizing change of venue (3 Comp. Laws 1915, § 14563) which concludes as follows:

"*Provided further,* That in all suits, proceedings, causes or actions in which a change of venue has been granted, the court to which such suit, proceeding, cause or action has been transferred shall retain jurisdiction."

Under such plain provision, Can it be successfully contended that jurisdiction of the Alpena circuit court was exhausted by rendition of judgment? In general, jurisdiction is as essential and complete for enforcement of a judgment as for its rendition, and continues until that judgment is satisfied:

"Jurisdiction is defined to be the power to hear and determine the subject-matter in controversy in the suit before the court, and the rule is universal that if the power is conferred to render the judgment, or enter the decree, it also includes the power to issue process to enforce such judgment or decree. * * * Process subsequent to judgment is as essential to jurisdiction as process antecedent to judgment, else the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution." *Riggs* v. *Johnson County,* 6 Wall. (73 U. S.) 166.

"A grant of jurisdiction implies the necessary and usual incidental powers essential to effectuate it; and a court's power to apply a remedy is coextensive with its jurisdiction over the subject-matter. * * * Again, a court may entertain proceedings ancillary to the judgment, for jurisdiction once acquired is not exhausted by the rendition of judgment, but continues until such judgment is satisfied and includes the power to issue all proper process and to take all proper proceedings for its enforcement." 11 Cyc. pp. 677, 678.

The only proper or possible process or proceeding for enforcement of judgments rendered in this State

against municipal corporations is by mandamus. The general rule founded on public policy that property acquired by such corporations for public purposes in their capacity as governmental agencies is held in trust for the public and cannot be seized and sold under execution to satisfy a judgment against the municipality has been enacted into statute law in this State and award or issue of execution forbidden, with a substitution of proper mandatory provisions for assessment and collection of taxes to satisfy such judgment following elapse of time for appeal. In case of refusal by the officer or officers whose duty it is to assess and levy a tax to pay the judgment after proper notice and request, mandamus is the appropriate and only process by which the court rendering the judgment can effect the ends of its existing jurisdiction in such cases when brought under its cognizance by whatever means. When so issued it is, for the only purpose it serves, but an ancillary process or proceeding, operating as a substitute for or the equivalent of a final execution to carry into effect the judgment of the court.

"A writ of mandamus to enforce collection of judgment against a municipality on its bonds is in the nature of, and is legally equivalent to, the statutory writ of execution. The right to prosecute the writ for such purpose is limited to the same period of time within which execution may be sued out on a judgment against individuals." *United States* v. *Township of Oswego*, 28 Fed. 55.

As we understand the contention of defendant it is that this mandamus proceeding against him is a new and distinct civil action under the Constitution and laws of this State as interpreted by this court, and not subject to or affected by the change of venue ordered in the case between plaintiff and the municipalities against which the judgment was rendered. It is true that in *Woodworth* v. *Old Second Nat. Bank,*

144 Mich. 338 (8 Ann. Cas. 310), it was held that "mandamus proceedings are civil actions, within the meaning of Act No. 309 of the Public Acts of 1905." In that case an order granting change of venue in a mandamus proceeding instituted to compel the bank and others to turn over their books for relator's inspection was sustained. This was in harmony with the prevailing rule that in those jurisdictions where the right to the writ and power to issue it no longer depend upon the prerogative power of the court it should be regarded as an ordinary process in cases to which it applies. This rule is stated in 1 Cyc. p. 723, as follows:

"The common-law remedies by prerogative and judicial writs, especially in forms which they finally assumed by virtue of statutory or other changes, are actions or suits within the usual meanings of those terms in law."

Accepting the technical correctness of this designation it does not follow that it carries the refinement of definition to where it operates to change the fundamental purpose and uses of mandamus proceedings. This court has also said that it is from its very nature a remedy that cannot be hampered by narrow or technical grounds (*Mooley* v. *Judge of Superior Court of Detroit*, 41 Mich. 38), that in cases where the duty of the public officer is absolute and specific, mandamus is no more a matter of discretion than any other remedy, and courts may not refuse to enforce absolute rights (*Auditor General* v. *Tuscola County Treasurer*, 73 Mich. 32) ; of its propriety as a remedy to enforce contracts before judgment it is said in *Burland* v. *Benefit Ass'n*, 47 Mich. 424:

"Such a writ does not purport to adjudge or decide any right. It is rather in the nature of an award of execution than of judgment. It is the mode of compelling the performance of acknowledged duty or en-

forcing an existing right, rather than deciding what that right or duty is."

Such is exclusively its nature and purpose when authorized as a substitute for and issued to perform the office of an execution to enforce a judgment, in aid of a jurisdiction that has previously attached. Its vitality and legality are contingent solely on the judgment to which it is incidental and auxiliary. For that purpose it would seem to follow that mandamus could only be issued in cases where jurisdiction already exists, not where jurisdiction is to be acquired by means of the writ.

The Iosco circuit court from which the venue was changed has rendered no judgment, no proceedings are pending before it and it now has no jurisdiction over that case. We know of no rule of the common law or statute of this State authorizing it to acquire jurisdiction in that case and proceed to enforce a judgment of the Alpena circuit court by a writ of mandamus, when no jurisdiction exists to issue the writ except it be founded on the judgment. That mandamus proceedings are to be regarded as "civil actions" or suits within the meaning of certain statutory provisions does not divest the Alpena circuit court of its jurisdiction to issue the writ to enforce its judgment. That the proceeding is as to forms and sufficiency of pleading classed under our practice as a civil action is not of controlling significance. It is in no sense a separate, independent or primary action, but purely incidental and auxiliary to the original or main action, as is an action in garnishment, its only function being in aid of the judgment already rendered therein.

The order of the circuit judge is therefore affirmed, with costs.

BIRD, C. J., and MOORE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred. OSTRANDER, J., did not sit.