DETROIT TRUST CO. *v.* STATE HIGHWAY COMMISSIONER.

1. EMINENT DOMAIN—EFFECT AND ENFORCEMENT OF AWARD—MANDAMUS.

An award in condemnation proceedings, confirmed by the probate court, has the effect of a judgment at law and is enforcible by mandamus.

2. JUDGMENT—RES JUDICATA—CONDEMNATION PROCEEDINGS—MANDAMUS.

Objections to award in condemnation proceedings which raise the propriety of making it to party in whose favor it was made as owner of the property condemned constitute matter of defense on the merits, are *res judicata* upon final determination of the condemnation proceedings, and may not be inquired into in mandamus proceedings to compel enforcement of the award.

3. MANDAMUS—ENFORCEMENT OF AWARD IN CONDEMNATION PROCEEDINGS.

In mandamus proceeding to compel payment of award made in condemnation proceedings, the duty of the court is to enforce payment as an existing right and not to decide whether or not that right exists.

4. SAME—PUBLIC OFFICERS—LEGAL EQUIVALENT OF EXECUTION.

A writ of mandamus to compel enforcement of a judgment or an award against a public agency or official serves the same purpose and is the legal equivalent to an execution in a law action after judgment is rendered.

5. EMINENT DOMAIN—CONCLUSIVENESS OF AWARD.

After confirmation by the probate court of an award in condemnation proceedings and by the Supreme Court on appeal, the latter cannot reopen the matter to determine the rights of the parties.

6. SAME—PAYMENT OF AWARD—LACHES—MANDAMUS.

Party seeking payment of award in condemnation proceedings approximately seven years after award was made was not prevented from securing relief by mandamus because of laches, in the absence of a showing of a change of position of the parties unduly affected by the lapse of time, as the award as confirmed has the legal effect of a judgment enforcible for a period of 10 years.

Petition by Detroit Trust Company against Murray D. Van Wagoner, State Highway Commissioner, and Grand Trunk Western Railroad Company for writ of mandamus to compel payment of award on condemnation of property. Submitted October 8, 1940. (Calendar No. 40,546.) Writ granted December 10, 1940. Rehearing denied February 7, 1941.

*Raymond M. Shock* and *Frank W. Atkinson,* for petitioner.

*Thomas Read,* Attorney General, and *Edmund E. Shepherd* and *F. Floyd Blakeslee,* Assistants Attorney General, for defendant State Highway Commissioner.

*H. V. Spike* and *John Gafill,* for defendant Grand Trunk Western Railroad Company.

Chandler, J. The Detroit Trust Company, petitioner, seeks a writ of mandamus to enforce payment of an award granted by the commissioners in a highway proceeding to widen Woodward avenue and relocate the Grand Trunk Western Railroad tracks in Oakland county. The report of the commissioners was filed with the probate court for Oakland County on May 19, 1932. Among other awards, an award of $7,950 was made to the Detroit Trust Company as owner of lots 88 and 91 of the Bloomfield Estates subdivision. The highway commissioner and railroad filed objections to the confirmation of the awards, and specifically to the award to the Detroit Trust Company, because the names of Arthur O. Worrall and Susie A. Worrall, his wife, Harold L. Wheaton and Erma S. Wheaton, his wife, and Frank H. Ladd and Sylvia E. Ladd, his wife, as owners, were omitted from the award. However, the probate court confirmed the award, and an appeal was taken to this court, the respondents alleging the same reason as alleged before the probate court as to lots 88 and 91. The award was affirmed in the case of *In re Petition of Dillman,* 263 Mich. 542. The attorney general filed a motion to modify the opinion. One of the attorneys for the Detroit Trust Company filed an affidavit in opposition to

this motion in which he set forth a list of lots wherein there was no uncertainty as to ownership, and a second list in which further proofs of ownership would be required. Lots 88 and 91, aforementioned, were included in the second list. On October 17, 1933, we entered the following order in the *Dillman Case:*

"In this cause a motion is filed by the attorney general to modify the opinion heretofore filed herein, and a brief in opposition thereto having been filed by appellees and due consideration thereof having been had by the court, it is ordered that the motion be and the same is hereby denied, but without prejudice to renewal of motion as to specific parcels of land as to where there is a showing of uncertainty of ownership. This order is entered as of August 29, 1933."

The respondent admits and concedes that no motion has ever been made by the attorney general pursuant to this order. But in opposition to the petition for mandamus, the attorney general sets forth the fact that the Detroit Trust Company was not the owner of the property on the date the easements were taken or destroyed in June, 1929, and that the Trust Company did not acquire title until its mortgage was foreclosed and the redemption period expired in March, 1931, and inasmuch as the full amount of the principal, interest and taxes were bid in and a deed to the property accepted by the trust company with no deficiency, it was not entitled to an award on any ground, either that its security had depreciated or that it was the owner of the property when damages were assessed. It is claimed that since these are matters of record and the award was made through a "palpable mistake of fact and law" this court should exercise its judicial discretion and refuse the writ. Petitioner contends that the effect

of the foreclosure proceedings was not raised before the commissioners, the probate court nor on appeal to this court, and cannot now be raised in this proceeding to enforce payment of the award, and further, that there never was any uncertainty of ownership as to these two lots.

Does this court have discretion to refuse to grant the writ of mandamus to enforce payment of the award?

The award in question has been granted by commissioners, confirmed by the probate court and affirmed in an opinion by this court. The attorney general has never availed himself of the privilege granted by us in 1933 to renew the motion to modify the opinion in the *Dillman Case* as to properties in which ownership was uncertain, even though he has had more than a reasonable length of time to do so.

An award of this nature, when confirmed by the probate court, has the effect of a judgment at law, and it is a well-settled rule that mandamus is a proper remedy to enforce the same.

The objections now being raised to the award go to the propriety of making it to the trust company, as owner. This is clearly a matter of defense on the merits, and must now be deemed to be *res judicata.* This proceeding is collateral to the award, and no inquiry into the regularity of making such award can be permitted at this time. Our duty under the writ is to compel the payment of the award as an existing right and not to decide whether or not that right exists. See *Auditor General* v. *Tuscola County Treasurer,* 73 Mich. 28; *Hall* v. *Dickinson,* 204 Mich. 545. In *Klatt* v. *Wayne Circuit Judge,* 212 Mich. 590, 599, it was said:

"It has been held by us that mandamus proceedings do not adjudicate rights, but are a mode of enforcing existing rights."

See, also, *Burland* v. *Northwestern Mutual Benefit Ass'n,* 47 Mich. 424.

The decisions in this jurisdiction are uniform in limiting the scope of review in mandamus proceedings to the enforcement of a judgment or an award against a public agency or official. The writ serves the same purpose and is legally equivalent to an execution in a law action after judgment is rendered. After confirmation of the award by the probate court and by this court on appeal, we cannot reopen the matter to determine the rights of the parties. *La Chance* v. *Auditor General,* 77 Mich. 563; *Hall* v. *Dickinson, supra; Burke* v. *City of River Rouge,* 240 Mich. 12.

Respondents contend further that the doctrine of laches applies to petitioner's writ which is brought approximately seven years after the award was finally determined on appeal. This contention must be denied. There is no showing of a change of position of the parties which is unduly affected by the lapse of time, and further, the award when confirmed has the legal effect of a judgment and is enforcible for a period of 10 years.

A writ may issue. Costs to petitioner.

BUSHNELL, C. J., and SHARPE, BOYLES, NORTH, McALLISTER, WIEST, and BUTZEL, JJ., concurred.