# STATE OF MICHIGAN

# COURT OF APPEALS

IN RE JACKSON,

DOUGLAS CORNELL JACKSON,

      Plaintiff,

v

WAYNE CIRCUIT COURT JUDGE,

      Defendant

FOR PUBLICATION
December 27, 2018
9:00 a.m.

No. 339724
Wayne Circuit Court
LC No. 09-003770-01-FC

ON REMAND

Before: O'BRIEN, P.J., and BOONSTRA and CAMERON, JJ.

PER CURIAM.

This case is before us on remand from the Michigan Supreme Court for consideration of whether MCL 600.2963(8) as applied to bar plaintiff's original complaint for superintending control is unconstitutional. We conclude that it is. MCL 600.2963(8) cannot constitutionally be applied to bar a complaint for superintending control over an underlying criminal case if the bar is based on outstanding fees owed by an indigent-prisoner plaintiff from an earlier case and the prisoner-plaintiff lacks funds to pay those outstanding fees.

This case is before this Court because plaintiff filed a complaint for superintending control with this Court against defendant circuit judge, alleging that defendant failed to rule on a motion for reconsideration of an order in plaintiff's underlying criminal case. In an administrative order entered under MCR 7.211(E), this Court dismissed plaintiff's complaint under MCL 600.2963(8) because plaintiff owed outstanding fees to this Court from a prior case he brought in this Court that was subject to MCL 600.2963. Under MCL 600.2963(1), the provisions of MCL 600.2963 apply to civil actions and appeals in civil actions filed by indigent prisoners of the Michigan Department of Corrections. As relevant here, MCL 600.2963 provides that a prisoner, subject to the section's provisions, who decides to pursue a civil case or appeal in a civil case is responsible for possible payment of an initial partial filing fee and for eventual payment of the remainder of the filing fee, obtained through deductions from his or her prisoner account. See MCL 600.2963(3) and (5). MCL 600.2963(8) then provides, "A prisoner who has failed to pay outstanding fees and costs as required under this section shall not commence a new civil action or appeal until the outstanding fees and costs have been paid."

-1-

We initially denied plaintiff's motion for reconsideration of the administrative dismissal order, noting in part that plaintiff had not presented substantial legal argument to support a conclusion that application of MCL 600.2963(8) to bar the present original action was unconstitutional. In lieu of granting plaintiff's application for leave to appeal, the Michigan Supreme Court vacated this Court's orders dismissing the case and denying reconsideration of that dismissal, and remanded this case to this Court "as on reconsideration granted, for plenary consideration of the plaintiff's argument that MCL 600.2963(8), as applied to his complaint for superintending control, is unconstitutional." Thus, at this point, the merits of plaintiff's complaint for superintending control are not before this panel. Rather, the question at hand is whether plaintiff can constitutionally be barred by MCL 600.2963(8) from even pursuing the complaint for superintending control in this Court.

Plaintiff has submitted a supplemental brief arguing that he should not be barred by MCL 600.2963(8) from proceeding. At our invitation, the Attorney General and the American Civil Liberties Union Fund of Michigan (ACLU) have also filed amicus curiae briefs as to the present issue.[1]

Plaintiff and the Attorney General present substantially similar arguments that would effectively avoid the constitutional issue before us by construing MCL 600.2963 to be inapplicable to a complaint for superintending control that relates to an underlying criminal case. They argue that such a complaint should not be considered a civil action, but is effectively part of the underlying criminal case.

We must reject this position. When interpreting a statute, unambiguous statutory language must be applied as written. *Ronnisch Construction Group, Inc v Lofts on the Nine, LLC*, 499 Mich 544, 552; 886 NW2d 113 (2016). Court rules are interpreted using the same principles that govern interpretation of statutes. *Ligons v Crittenton Hosp*, 490 Mich 61, 70; 803 NW2d 271 (2011). By their plain language, MCL 600.2963(1) makes the provisions of MCL 600.2963 apply to a "civil action" filed by a prisoner of the Michigan Department of Corrections, and MCL 600.2963(8) bars a prisoner who has failed to pay outstanding fees in a prior case subject to MCL 600.2963 from commencing "a new civil action or appeal" until the outstanding fees have been paid. Under MCR 3.301(A)(1)(a), a "civil action or appropriate motion in a pending action" may be brought to obtain superintending control. Plaintiff initiated this case by filing a complaint for superintending control. Under the plain language of MCR 3.301(A)(1)(a), that filing constituted the filing of a civil action. So, under the unambiguous language of MCL 600.2963 and MCR 3.301(A)(1)(a), the provisions of MCL 600.2963 apply to this case as a matter of Michigan procedural and statutory law.[2] Also,

---

[1] We thank the Attorney General and ACLU for accepting our invitation to file amicus curiae briefs to seek to aid the Court in deciding the present question.

[2] The Attorney General refers to MCR 6.001(D) in support of its position, but we conclude that provision is inapposite. Under MCR 6.001(D), the rules of civil procedure generally apply to criminal cases. But the general applicability of civil procedure rules to criminal cases is immaterial to the status of the present case as a civil case under Michigan procedural law.

MCR 3.301(A)(1)(a), with its definition of an original action for superintending control as a civil action, was adopted before the enactment of MCL 600.2963. Thus, the Legislature is presumed to have known that the provisions of MCL 600.2963 would apply to a civil action for superintending control, even if the complaint was for superintending control of an underlying criminal case. See *People v Clark*, 315 Mich App 219, 232; 888 NW2d 309 (2016) (explaining that the Legislature is presumed aware of, and to legislate in harmony with, existing laws when enacting new laws).

We now turn to the issue our Supreme Court's remand order directs this Court to decide: whether application of MCL 600.2963(8) to bar plaintiff's complaint for superintending control is unconstitutional. In a line of cases beginning with *Griffin v Illinois*, 351 US 12; 76 S Ct 585; 100 L Ed 2d 891 (1956), the United States Supreme Court has considered issues involving the constitutionality of legal rules that bar an indigent person from seeking review in a higher court due to an inability to pay filing fees or fees for preparation of transcripts, particularly in the context of criminal appeals. That Court has explained that this line of cases "reflect both equal protection and due process concerns" under the Fourteenth Amendment. *MLB v SLJ*, 519 US 102; 117 S Ct 555; 136 L Ed 2d 473 (1996). The equal protection concern "relates to the legitimacy of fencing out would-be appellants" based solely on an inability to pay costs. *Id*.

While *MLB* involved an indigent person who was unable to pay record preparation fees—which were required under Mississippi law before she could appeal the termination of her parental rights—we find *MLB* instructive in its discussion of the present state of federal constitutional law in this area. *MLB* explains that the Court's earlier opinion in *Mayer v Chicago*, 404 US 189; 92 S Ct 410; 30 L Ed 2d 372 (1971), established that, when dealing with "criminal procedures," there is a "flat prohibition" against making access to "appellate processes" turn on the ability to pay. *MLB*, 519 US 112.[3] In discussing the right to access to the courts in certain matters under the line of cases beginning with *Griffin*, the *MLB* Court observed, "A 'precise rationale' has not been composed, because cases of this order 'cannot be resolved by resort to easy slogans or pigeonhole analysis.'" *Id*., 120. Recognizing that the matter before us cannot be resolved by "pigeonhole analysis" merely because plaintiff's action for superintending control is classified by Michigan procedural law as a civil action, i.e. technically a new civil suit by plaintiff against defendant circuit judge, we conclude that this case is nevertheless an "appellate process" for the underlying criminal case for purposes of the federal constitutional right to access such an appellate process in a criminal case.

Formalistic procedural labels aside, what plaintiff seeks in this superintending-control action is review by this Court, as the next-higher-level court above a circuit court, of the circuit judge's alleged failure to rule on a motion for reconsideration in plaintiff's criminal case. Plaintiff asks this Court to direct the judge to rule on that motion. This appears to be plaintiff's only option; under Michigan procedural law, plaintiff has no means to appeal the circuit court's

---

[3] The *MLB* Court contrasted the "flat prohibition" of "bolted doors"—i.e., denial of access to a court for inability to pay fees—to the less encompassing right to counsel at state expense. *MLB*, 519 US 112-113.

failure to rule on a motion within a reasonable time because both an appeal of right and an application for leave to appeal first require a judgment or order of a lower court. See MCR 7.203(A) & (B). Where a circuit court fails to rule on a motion, no such judgment or order is entered. But if a circuit court denied a motion in a criminal case in an order, the criminal defendant would be able to file either a claim of appeal or an application for leave to appeal that order as may be appropriate. See MCR 7.204; MCR 7.205. MCL 600.2963(8) would not apply to the filing of such an appeal in the criminal case. Indeed, as *MLB* makes apparent, it would be unconstitutional to preclude an indigent criminal defendant from filing a claim of appeal based on an inability to pay fees. Yet, if a circuit court denies a motion in a criminal case *sub silentio* by perpetually failing to rule on the motion, MCL 600.2963(8) would, by its terms, bar an indigent criminal defendant from filing a complaint for superintending control if he or she owes outstanding fees to this Court for a prior civil case, even if the indigent criminal defendant has no means to pay those outstanding fees. This is an unwarranted distinction for purposes of the federal constitutional right of access to appellate review under *Griffin* and its progeny because, in either event, what is being sought is review by this Court as the next-higher-level court handling an aspect of the criminal case. Thus, we recognize that this case is criminal in nature for purposes of the federal constitutional right of access to the courts in such cases. And in that capacity, a complaint for superintending control over an underlying criminal case must reasonably be recognized as an "appellate process" within the meaning of *MLB* and *Mayer*, even though it is an original civil action, and not formally an appeal, under Michigan procedural law. We therefore hold MCL 600.2963(8) to be unconstitutional as applied to bar a complaint for superintending control seeking relief in an underlying criminal case where the indigent plaintiff is unable to pay the outstanding fees owed to this Court for a prior case subject to MCL 600.2963.

Review of plaintiff's most recent prisoner account statement in this file shows plaintiff's account to have a zero current spendable balance, a zero average monthly deposit for the prior 12 months, and a negative average monthly balance for the prior 12 months. Thus, it appears manifest that plaintiff is indigent and cannot pay the outstanding fees owed this Court for his prior case subject to MCL 600.2963(8). Based on the principles just articulated, plaintiff must be allowed to proceed with the present superintending-control action despite the outstanding fees from the prior case.

In its amicus curiae brief, the ACLU presents arguments to the effect that application of MCL 600.2963(8) would be unconstitutional in any circumstance in which it would bar an indigent prisoner from proceeding with a civil appeal or original action based on outstanding fees owed for an earlier civil case subject to MCL 600.2963. We decline to unnecessarily reach those arguments. We do note that, in *MLB*, the United States Supreme Court referred to its earlier opinion in *United States v Kras*, 409 US 434; 93 S Ct 631; 34 L Ed 2d 626 (1973), as clarifying that "a constitutional requirement to waive court fees in civil cases is the exception, not the general rule." *MLB*, 519 US 114. We therefore emphasize that our holding is rooted in the heightened protection provided for access to the courts in cases that are criminal in nature for purposes of that federal constitutional right. Consideration of issues related to the treatment of indigent prisoners by MCL 600.2963(8) in a civil case that does not seek relief related to an underlying criminal case and that is not otherwise provided heightened protection for purposes of access to the courts (like termination of parental rights matters as considered in *MLB*), including

possible equal protection concerns about MCL 600.2963(8) applying only to prisoners and not indigent non-prisoners, are questions for another day.

In light of our holding that application of MCL 600.2963(8) to bar this superintending-control action from proceeding to consideration on the merits would be unconstitutional, we will, simultaneously with the issuance of this opinion, enter an order allowing this case to proceed under MCL 600.2963. Consistent with the remaining provisions of MCL 600.2963 and this Court's customary practices for civil actions filed by prisoners of the Michigan Department of Corrections, that order formally denies plaintiff's motion to waive fees and directs the Clerk's Office to return his complaint for superintending control, but allows him to proceed with this case by refiling the returned pleadings within 21 days after the date of that order (and this opinion).[4] If plaintiff does so, he will be responsible for eventual payment of the appropriate overall filing fee for the present case through deductions from future deposits to his prisoner account, and this case will proceed to be decided on the merits. If plaintiff does not refile the returned pleadings, this case will be closed out by the Clerk's Office as if it had never been filed, consistent with MCL 600.2963(1).

We note that there is no inconsistency between our holding that MCL 600.2963(8) cannot constitutionally be applied under the circumstances here and application of the other fee-related requirements of MCL 600.2963. If plaintiff refiles his pleadings, this case will proceed to consideration on the merits regardless of whether the filing fee for the present case is ever completely collected from possible future deposits to plaintiff's prisoner account. It follows that imposing the requirement for potential future collection of the filing fee does not prevent plaintiff from access to this Court based on his present indigence. Also, our conclusion that this case must be recognized as criminal in nature for purposes of the federal constitutional right of access to the courts in such cases does not change its classification as an original civil action subject to the fee-related requirements of MCL 600.2963 (apart from an unconstitutional application of MCL 600.2963(8)) by Michigan procedural and statutory law.

This case shall proceed in this Court consistent with this opinion.

/s/ Colleen A. O'Brien
/s/ Mark T. Boonstra
/s/ Thomas C. Cameron

---

[4] Because of the zero current balance, zero average monthly deposit for the prior 12 months, and negative average monthly balance for the prior 12 months shown in plaintiff's account statement, plaintiff is not responsible for an initial partial filing fee under MCL 600.2963(3).