*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellant,

v

WILLIAM RAY JOHNSON,

      Defendant-Appellee.

FOR PUBLICATION
December 22, 2022
9:10 a.m.

No. 361698
Wayne Circuit Court
LC No. 88-006617-01-FC

Before: CAVANAGH, P.J., and K. F. KELLY and GARRETT, JJ.

GARRETT, J.

In *People v Washington*, 508 Mich 107, 113; 972 NW2d 767 (2021), our Supreme Court held that a trial court lacks subject-matter jurisdiction to resentence a defendant pursuant to a Court of Appeals remand order when the defendant's application for leave to appeal that order remains pending in the Supreme Court. This appeal tests the limits of *Washington*'s holding. We consider whether the trial court lacked subject-matter jurisdiction to resentence defendant William Ray Johnson pursuant to a Court of Appeals remand order when the Supreme Court simultaneously exercised jurisdiction over a separate but related complaint for superintending control. We hold that the trial court did not lack subject-matter jurisdiction to resentence Johnson. Accordingly, we reverse the trial court's order granting Johnson's successive motion for relief from judgment and remand for further proceedings.

## I. BACKGROUND

To understand the jurisdictional question at the heart of this case, one must first understand the unusual thirty-plus years of procedural and legal developments at play.

In 1988, a jury convicted Johnson of second-degree murder, MCL 750.317, assault with intent to murder (AWIM), MCL 750.83, and possession of a firearm during the commission of a felony, MCL 750.227b. The trial court sentenced him to life imprisonment for second-degree murder, 50 to 75 years' imprisonment for AWIM, and a mandatory two years' imprisonment for felony-firearm. On direct appeal, this Court affirmed Johnson's convictions, but vacated his sentence for the AWIM conviction and remanded for resentencing. *People v Johnson*, 187 Mich App 621, 631-632; 468 NW2d 307 (1991) (*Johnson I*). This Court also remanded for articulation

-1-

of the reasons for the life sentence imposed for second-degree murder. *Id*. Johnson sought leave to appeal, which the Supreme Court denied in March 1992. *People v Johnson*, 439 Mich 972; 483 NW2d 619 (1992).

For reasons that are unknown, the trial court took no action for several years on this Court's remand order in *Johnson I*. Consequently, in 1996, Johnson filed a complaint for a writ of mandamus with this Court to order the trial court to act.[1] This Court denied relief. *Johnson v Recorder's Court Judge*, unpublished order of the Court of Appeals, entered November 19, 1996 (Docket No. 193282) (*In re Johnson I*). Johnson sought leave to appeal, and our Supreme Court entered the following order on November 7, 1997:

> . . . [I]n lieu of granting leave to appeal, we ORDER the Wayne County Prosecuting Attorney to show cause in writing, within 21 days after the date of this order, why we should not remand this case to the trial court for the sentencing proceedings ordered in [*Johnson I*]. [*Johnson v Recorder's Court Judge*, ___ Mich ___; 570 NW2d 656 (1997) (*In re Johnson II*).]

The Supreme Court retained jurisdiction. *Id*. But likely unbeknownst to the Supreme Court, resentencing proceedings were already underway in the trial court. The prosecution advised the Court of this development in its show-cause filing and requested that the Supreme Court "immediately issue the remand order to avoid further delays."

On December 15, 1997, before the Supreme Court acted, the trial court resentenced Johnson, imposing 40 to 75 years' imprisonment for the AWIM conviction and reimposing a life sentence for second-degree murder with further articulation of reasoning. Thereafter, the Supreme Court issued an order denying leave to appeal from *In re Johnson I* as moot because "the sentencing proceedings ordered in [*Johnson I*] have taken place." *Johnson v Recorder's Court Judge*, 456 Mich 924; 573 NW2d 621 (1998).[2] Johnson pursued a direct appeal of the trial court's resentencing decisions, and this Court affirmed. *People v Johnson*, unpublished per curiam opinion of the Court of Appeals, issued May 15, 2001 (Docket No. 213902), pp 3-5. Our Supreme Court denied Johnson's ensuing application for leave to appeal. *People v Johnson*, 465 Mich 894; 635 NW2d 320 (2001). Later, Johnson filed several motions for relief from judgment under MCR

---

[1] As we will discuss below, Johnson's complaint was, in substance, a complaint for superintending control, not a writ of mandamus. See MCR 3.302(C).

[2] Johnson was tried and convicted in the Detroit Recorder's Court. As the prosecution notes, the Recorder's Court was "abolished and merged with the third judicial circuit of the circuit court"— i.e., Wayne Circuit Court—"effective October 1, 1997." MCL 600.9931(1). The Legislature provided that, upon this merger, "the third judicial circuit of the circuit court *shall have jurisdiction to hear and determine all cases transferred under this section*, and shall exercise all authority with regard to those cases as though the cases had been commenced in that court." MCL 600.9931(2) (emphasis added). Thus, we agree with the prosecution that the transfer of Johnson's case from the Recorder's Court to Wayne Circuit Court—and his subsequent resentencing by the circuit court—bears no significance on the jurisdictional issue before us.

6.500 *et seq.* 6.500 motions filed in 2006, 2012, and 2013, were respectively denied by the trial court, with applications for leave to appeal the trial court's orders in this Court and the Supreme Court all denied.

In 2021, Johnson filed the successive 6.500 motion at issue.[3] Johnson argued that his December 15, 1997 judgment of sentence should be vacated because the trial court lacked jurisdiction to resentence him when the Supreme Court, at the same time, retained jurisdiction over Johnson's leave application seeking mandamus relief. The trial court ruled in Johnson's favor, concluding that our Supreme Court's holding in *Washington* extended to the circumstances here. In support, the trial court relied on *Hall v Dickinson*, 204 Mich 545, 557-558; 170 NW 646 (1919), for the proposition that Johnson's mandamus complaint conferred jurisdiction to the Supreme Court over his criminal case because the complaint "arose out of the criminal case." Next, applying *Washington*, the court held that "the trial court lacked jurisdiction to resentence the defendant while the Supreme Court retained jurisdiction" over the mandamus action. The court therefore held that because the trial court entered a judgment of sentence in 1997 that was void for lack of jurisdiction, Johnson was entitled to relief in the form of resentencing. The prosecution sought leave to appeal this order, and we granted the application.[4]

## II. DISCUSSION

The prosecution argues that the trial court erred by granting Johnson's motion for relief from judgment and concluding that his judgment of sentence was void for lack of subject-matter jurisdiction.

## A. SUBJECT-MATTER JURISDICTION

Whether the trial court lacked subject-matter jurisdiction to resentence Johnson presents a question of law that we review de novo. *Washington*, 508 Mich at 121. That means we review the issue independently, owing no deference to the trial court's decision. *People v Beck*, 504 Mich 605, 618; 939 NW2d 213 (2019).

"Subject-matter jurisdiction is a legal term of art that concerns a court's authority to hear and determine a case." *Washington*, 508 Mich at 121. This authority "depends on the character

---

[3] Although termed a "motion to vacate invalid sentence," we construe the motion—as the trial court correctly did—as a motion for relief from judgment. See MCR 6.501, 6.502(D). Johnson originally filed this 6.500 motion in 2018, relying on this Court's decision in *People v Washington*, 321 Mich App 276; 908 NW2d 924 (2017), vacated and remanded 503 Mich 1030 (2019). But after subsequent legal developments undermined his jurisdictional argument, Johnson's appointed counsel withdrew from representation because there were no meritorious issues to pursue. The Supreme Court's 2021 decision in *Washington*, however, restored Johnson's jurisdictional argument. Johnson then moved to reinstate his 2018 motion, and the trial court ultimately granted relief from judgment.

[4] *People v Johnson*, unpublished order of the Court of Appeals, entered July 28, 2022 (Docket No. 361698).

-3-

or class of the case pending, not on the particular facts of the case." *People v Scott*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 336815); slip op at 3. Courts of this state derive their subject-matter jurisdiction from our constitutional and statutory provisions, and it is well-recognized that circuit courts have subject-matter jurisdiction over felony prosecutions, such as Johnson's criminal case. *Washington*, 508 Mich at 121-122; MCR 6.008(B) ("The circuit court has jurisdiction over all felonies from the bindover from the district court unless otherwise provided by law."). A defect in the court's subject-matter jurisdiction can be raised at any time, including in a successive 6.500 motion. See *Washington*, 508 Mich at 132 ("Unlike other errors that a defendant eventually loses the ability to raise, the lack of subject-matter jurisdiction cannot be ignored for purposes of finality because the existence of subject-matter jurisdiction goes to the trial court's very authority to bind the parties to the action at hand."). A trial court's judgment of sentence, rendered when the trial court lacks subject-matter jurisdiction, is void. *Id*. at 131.

Although Johnson framed his filing as a complaint for a writ of mandamus, we properly interpret it as an action seeking a writ of superintending control. See MCR 3.302(C) ("A superintending control order replaces . . . the writ of mandamus when directed to a lower court or tribunal."). See also *City of Highland Park v State Land Bank Auth*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 355948); slip op at 7 ("Courts are not bound by a party's choice of labels because this would effectively elevate form over substance.") (quotation marks and citation omitted). "The Supreme Court, the Court of Appeals, and the circuit court have jurisdiction to issue superintending control orders to lower courts or tribunals." MCR 3.302(D). See also MCR 7.203(C)(1), 7.303(B)(5).

## B. *PEOPLE v WASHINGTON*

Central to the trial court granting Johnson's successive 6.500 motion is our Supreme Court's decision in *Washington*. *Washington* addressed the following quandary: Did the trial court lack subject-matter jurisdiction when it resentenced the defendant pursuant to a Court of Appeals order while the defendant's application for leave to appeal that order remained pending in the Supreme Court? Answering in the affirmative, the *Washington* Court explained that the defendant's appeal "divested the trial court of subject-matter jurisdiction over those aspects of the case involved in the appeal" and that "jurisdiction remained with the appellate courts until [the Supreme Court's] disposition of defendant's application for leave to appeal the Court of Appeals' judgment." *Washington*, 508 Mich at 126-127.

The Supreme Court's reasoning in *Washington* rested on several considerations. The Court relied heavily on its earlier decision interpreting the former court rules in *People v George*, 399 Mich 638, 639-640; 250 NW2d 491 (1977). *George* held that the trial court lacked "jurisdiction" to retry the defendant "while the prosecutor's application for leave to appeal the Court of Appeals' order that remanded the case for retrial was still pending" before the Supreme Court. *Washington*, 508 Mich at 122-123. The *Washington* Court had little difficulty concluding that the *George* Court's reference to a lack of "jurisdiction" meant *subject-matter jurisdiction* to hear the case. *Id*. at 125-126. The Supreme Court in *Washington* also emphasized the "fundamental incompatibility between the trial court's original jurisdiction and the appellate court's appellate jurisdiction." *Id*. at 125. In *George*, for instance, the Supreme Court—through the pending leave application—"had the ability to greatly alter the course of the case, including obviating the need for retrial." *Id*. Because of this fundamental incompatibility between the trial court and appellate court

-4-

simultaneously exercising subject-matter jurisdiction, the trial court in *Washington* lacked subject-matter jurisdiction to resentence the defendant before the Supreme Court resolved the defendant's application for leave to appeal. *Id*. at 125-127.

## C. *HALL v DICKINSON*

The trial court also relied heavily on the Supreme Court's 1919 decision in *Hall* as rationale for applying *Washington* to this case. *Hall* involved a civil action filed in Iosco Circuit Court against the city and township of Au Sable. *Hall*, 204 Mich at 547. On stipulation of the parties, venue was transferred from Iosco County—where Au Sable sits—to Alpena County. *Id*. Following a jury trial in Alpena Circuit Court, the plaintiff obtained a money judgment, but the municipalities refused to pay. *Id*. at 547-549. The plaintiff first sought a writ of mandamus to enforce the judgment from Iosco Circuit Court, but the judge returned the filing "on the ground that the cause had been transferred to Alpena county and in his opinion he had no further jurisdiction in the premises." *Id*. at 549. The plaintiff then sought and obtained a writ of mandamus from Alpena Circuit Court. *Id*. On appeal, the defendant argued that the Alpena Circuit Court had no jurisdiction to issue the writ of mandamus because the defendant municipalities were not within the county. *Id*. at 550. The Supreme Court rejected this argument. After finding that the original change of venue to Alpena County was proper, the Court held that Alpena Circuit Court retained jurisdiction to issue a writ of mandamus to enforce its judgment. *Id*. at 554. Stated differently, the new filing of a mandamus complaint did not "divest the Alpena circuit court of its jurisdiction to issue the writ to enforce its judgment." *Id*. at 558. Mandamus, the Court continued, "is in no sense a separate, independent, or primary action, but purely incidental and auxiliary to the original or main action, as is an action in garnishment; its only function being in aid of the judgment already rendered therein." *Id*. at 558.

## D. APPLICATION

The trial court erred by concluding that the Supreme Court's exercise of jurisdiction over the complaint for superintending control divested the trial court of subject-matter jurisdiction to resentence Johnson. Neither *Washington* nor *Hall* supports the trial court's decision. *Washington* involved a trial court acting on this Court's order remanding for resentencing, while the defendant's application for leave to appeal this Court's judgment was pending before the Supreme Court. In other words, the Supreme Court had the power to "greatly alter the course of the case" by reversing this Court's resentencing order; but before it could consider the leave application, the trial court resentenced the defendant anyway. Noting this "fundamental incompatibility between the trial court's original jurisdiction and the appellate court's appellate jurisdiction," the *Washington* Court held that the trial court and Supreme Court could not simultaneously exercise jurisdiction over the same aspects of the case.

This case is distinguishable for a few important reasons. First, unlike in *Washington*, this case involves two separate actions—Johnson's criminal case and his complaint seeking superintending control. A complaint for superintending control "constitute[s] the filing of a civil action." *In re Jackson*, 326 Mich App 629, 634; 929 NW2d 798 (2018). The trial court reasoned that defendant's application for leave to appeal this Court's denial of superintending control "*conferred* jurisdiction to the Supreme Court over . . . defendant's criminal case," such that

*Washington* applied and the trial court was divested of subject-matter jurisdiction. But nothing was required to "confer[] jurisdiction to the Supreme Court" over the action seeking superintending control. Our Supreme Court is vested with broad powers of superintending control and supervisory authority over *all* lower courts, see Const 1963, art 6, §§ 4 & 13; *Lapeer Co Clerk v Lapeer Circuit Judges*, 465 Mich 559, 569; 640 NW2d 567 (2002). Nor did the Supreme Court's subject-matter jurisdiction over *In re Johnson I* divest the trial court of subject-matter jurisdiction to resentence Johnson pursuant to this Court's opinion in *Johnson I*. Indeed, there was no "fundamental incompatibility" between these dual exercises of jurisdiction in separate civil and criminal actions.[5] The relief sought by Johnson through his writ of superintending control was the *exact relief he received* when the trial court resentenced him. Johnson's complaint for superintending control did not give the appellate courts any power to "greatly alter"—or alter at all—*Johnson I*'s judgment remanding for resentencing. See *Washington*, 508 Mich at 125. Rather, the complaint was limited to *enforcing* this Court's judgment, and in no way could have altered the prior decision to remand itself.[6]

> The trial court's emphasis on *Hall* was also misplaced. The trial court explained that
>
> . . . [A] writ of mandamus, although brought as a civil action, does not stand alone as an action but arises out of the underlying judgment the mandamus writ seeks to enforce. The power to enforce the court's judgments through a writ of mandamus must rest on the jurisdiction over the underlying matter.

Because Johnson's "mandamus petition arose out of the underlying criminal matter," and the Supreme Court retained jurisdiction over that matter through its November 1997 order, the trial court reasoned that the resentencing court lacked subject-matter jurisdiction while Johnson's

---

[5] We must note the perverse effect of holding that a trial court lacks subject-matter jurisdiction to comply with a remand order in a criminal case while an appellate court simultaneously exercises jurisdiction over a complaint for superintending control seeking to enforce that very same remand order. Under Johnson's theory, rather than granting the relief sought by the superintending control action—here, resentencing—a trial court must instead wait for an appellate court to grant the same relief. This is far different from the situation in *Washington*, where the Supreme Court had the ability to fundamentally alter the relief ordered by this Court.

[6] As another example of common-sense jurisdictional incompatibility, this Court recently applied *Washington* to an interlocutory appeal, holding that a trial court lacked subject-matter jurisdiction to try a defendant "while admitting the evidence that was the subject of the [pending] leave application before the Supreme Court." *Scott*, ___ Mich App at ___; slip op at 4. "The trial court conducted defendant's trial while allowing the admission of that evidence, despite the fact that the Supreme Court could have reversed this Court's order and precluded the admission of the evidence." *Id*. Because the Supreme Court "had the ability to greatly alter the course of the case," the trial court lacked subject-matter jurisdiction to conduct the trial while the defendant's leave application was pending. *Id*., citing *Washington*, 508 Mich at 125. Again, absent from this case, unlike in *Scott* and *Washington*, is this type of clear incompatibility between dueling exercises of subject-matter jurisdiction.

appeal from *In re Johnson I* was pending before the Supreme Court. We are unpersuaded by the trial court's reliance on *Hall*. First, *Hall* involved a mandamus action, not a writ of superintending control. On that basis alone, *Hall* does not justify extending *Washington* to these facts. Even so, *Hall* is legally and factually distinguishable on other grounds. Most notably, *Hall*, 204 Mich at 556-558, involved the question of whether the same circuit court had jurisdiction to issue a writ of mandamus to enforce its own judgment, not whether the circuit court had jurisdiction over the underlying case when an original action for mandamus or superintending control was pending in an appellate court. In this respect, we agree with the prosecution's summation of *Hall*'s holding: "[O]riginal subject-matter jurisdiction over a case includes subject-matter jurisdiction to issue writs of mandamus in execution of the judgment that results from that case." Thus, *Hall* does not support the proposition that an appellate court, exercising subject-matter jurisdiction over a civil complaint for superintending control, *divests* a trial court of its subject-matter jurisdiction to comply with a remand order in the underlying criminal case.[7]

## III. CONCLUSION

For these reasons, we reverse the trial court's decision to grant Johnson's motion for relief from judgment, in the form of resentencing, and remand to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Kristina Robinson Garrett
/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly

---

[7] More than a century after its release, *Hall* has almost never been cited by our appellate courts. This reality, combined with the narrow facts of *Hall* itself, further cautions us from adopting the trial court's broad application of *Hall* to this highly dissimilar situation.